STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Donald Metzger,    }
Gail Metzger, and Stephen        }
Howard                      }    Docket No. 275-12-00 Vtec
                              }
                              }

Decision and Order on Cross-Motions for Summary Judgment

Appellants Donald Metzger, Gail Metzger, and Stephen Howard appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Fairfield affirming a use classification decision of the Zoning Administrator. Appellants are represented by Timothy S. Hawkins, Esq.; the Town is represented by Michael S. Gawne, Esq. Both parties have moved for summary judgment.

The following facts are undisputed unless otherwise noted.

Donald and Gail Metzger purchased an unimproved 28.6 acre lot (the Lot) in the Romar Area of the Town of Fairfield in March of 1971. In 1971[1] the Lot was located, as it is now, in the Uplands Recreational zoning district. The Metzgers also purchased five other lots in the area, three of which are contiguous to the Lot. All lots are located on Town Highway #62, which at all relevant times has been a Class 4 road that the Town does not maintain.

In the Spring of 1971, Appellant Gail Metzger applied for a building permit to construct a A residential dwelling@ on the Lot. The zoning district classification was filled in and the permit approved by then-Zoning Administrator John C. Smith as Permit No. 139. He filled in the A zone classification@ as A rural@ and the A permit valid@ section as A permanent.@ The only conditions imposed by the Zoning Administrator were that the > water supply= and the > septic tank= must conform to State standards. The permit was not appealed and became final.

By August of 1971, the Metzgers completed construction of a single-family modular dwelling, with built-in garage, on the parcel. The dwelling has a concrete foundation with a full basement. Electric service (used for lighting and heating), telephone service, water supply, and the septic system have been in full and uninterrupted service on the parcel since 1971. The Metzgers occupied the residence nearly every month[2] since 1971, until they sold it and a contiguous parcel to Stephen Howard in 1999.

In 2000, Zoning Administrator Stephen D. Cushing notified Mr. Howard that the use classification of the residence is as a seasonal rather than a year-round dwelling, and directed him to apply for a variance if he wished to A change the use@ of the structure from a camp to a year-round dwelling. The letter states correctly that, in 1971, a year-round residence required 500 feet[3] of frontage on a town-maintained road.

The 1971 Zoning Administrator made two errors in issuing Permit No. 139: designating the zone classification as A rural@ when there was no such classification, and failing to limit the A residential dwelling@ to a camp use due to the lack of frontage on a town-maintained road. However, even if that decision was made incorrectly or without authority, it cannot now be challenged. City of South Burlington v. Vermont Dept. of Corrections, Docket No. 99-308 (Vt. Supreme Ct., July 19, 2000, corrected Dec. 11. 2000); Levy v. Town of St. Albans, 152 Vt. 139 (1989). Thus, Appellants held a valid permit to construct and occupy a A residential dwelling,@ which is reasonably interpreted as an ordinary year-round single-family residence. Without a restriction in the terms of the permit to seasonal use, Appellants were entitled in 1971 to build and

occupy a year-round dwelling. The Zoning Administrator cannot change the interpretation of that permit after twenty-nine years have elapsed.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Summary Judgment is GRANTED on Question 1 of the Statement of Questions, thereby concluding this appeal.

Done at Barre, Vermont, this 24th day of September, 2001.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.] The Town first adopted a zoning ordinance in 1968, and amended it in 1973, 1986, and 1996. Neither party has been able to produce a copy of the 1968 ordinance. Appellants do not dispute the Town's assertion that the 1973 ordinance contains only minor differences from the 1968 ordinance, and none affecting the permitted and conditional uses in the Uplands Recreation district, as supported by affidavit of a member of the Planning Commission that prepared the 1968 ordinance. The zoning districts in the 1973 ordinance are the Residential, Conservation, Historical, Lake Recreational, Uplands Recreational and Agricultural districts.

[2.] We note that if the use of the property as a year-round residence was conforming with the permit, as Appellants claim, then it would not constitute a non-conforming use, and any use of the property during the intervening years as seasonal would not represent an abandonment of rights to continue a non-conforming use.

[3.] The present regulations apparently require 200 feet of frontage on a town-maintained road.