# James L. Levy, et al. v. Town of St. Albans Zoning Board of Adjustment

[564 A.2d 1361]

No. 89-046

Present: Morse, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.), Bryan, Supr. J., and Cook, D.J., Specially Assigned

Opinion Filed July 14, 1989

*James W. Swift* and *Peter F. Langrock* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiffs-Appellees.

*Brown, Cahill, Gawne & Miller*, St. Albans, for Appellee Town of St. Albans.

*Spencer R. Knapp* and *Samuel Hoar, Jr.*, of *Dinse, Erdmann & Clapp*, Burlington, and *John Kenneth Felter* and *Kenneth Parsigian* of *Goodwin, Proctor & Hoar* (Of Counsel), Boston, Massachusetts, for Appellant.

**Morse, J.** The Franklin Superior Court granted summary judgment declaring void a conditional use approval of a greyhound racing facility in St. Albans, Vermont, issued to Delaware North Companies. Delaware North appeals that order, contending that the court was without jurisdiction to review the town zoning board's 1984 ruling conditionally approving the track.[1] We reverse and remand.

In early 1984, Delaware North acquired an option to purchase property on Route 7 in St. Albans for the development of a dog racing track. It sought and obtained approval for a conditional use and a building permit from the town zoning board on May 10, 1984. Development of the site was slowed when the company encountered difficulty procuring a license from the Vermont Racing Commission; it succeeded in obtaining a racing license on April 7, 1988, after four years of litigation.

In the meantime, Delaware North acquired other necessary permits, and purchased the site in December 1985, expending

---

[1] The Town of St. Albans filed a brief in support of Delaware North's appeal.

substantial sums on architectural, engineering and legal fees. On September 15, 1987, the company renewed its application for a building permit. At this point, questions arose pertaining to the validity of the 1984 conditional use approval under the town zoning ordinance. The zoning board, however, issued a building permit to defendant on December 22, 1987, based on its prior approval.

Plaintiffs, residents of St. Albans, appealed the board's decision. Delaware North moved for summary judgment. On August 12, 1988, the superior court denied the motion and granted summary judgment in favor of plaintiffs. The court concluded that the 1984 approval was void as ultra vires and that plaintiffs were not barred from challenging it under 24 V.S.A. § 4472 or on grounds of equitable estoppel.

Delaware North makes several arguments on appeal: that the 1984 approval was a valid exercise of the zoning board's authority; that 24 V.S.A. § 4472(d) bars collateral attack of an unappealed zoning decision; that plaintiffs are barred from challenging the 1984 approval under the doctrine of equitable estoppel; and that the trial court's sua sponte order of summary judgment against Delaware North violated its right to notice. Plaintiffs answer these claims, and argue in addition that the 1984 approval had expired—either by operation of law or because the company had abandoned the project—by the time of the 1987 application for a building permit. We hold that the 1984 approval was a final order and was not appealable beyond the thirty-day limitation period of V.R.C.P. 74(b) and V.R.A.P. 4. Nonetheless, factual questions remain as to whether Delaware North abandoned the project, and therefore summary judgment is not appropriate. V.R.C.P. 56. We remand for further proceedings on the issue of abandonment.[2]

I.

*Finality*

Under 24 V.S.A. §§ 4471 and 4472(a) exclusive jurisdiction over appeals from zoning board decisions is vested in the

---

[2] We do not reach the company's several due process claims, the equitable estoppel claim, or the issue of whether the 1984 approval was a valid exercise of zoning authority.

superior court. If a direct appeal is not taken, the decision of the zoning board is final and not contestable, under 24 V.S.A. § 4472(d), which provides in pertinent part:

Upon the failure of any interested person ... to appeal to a superior court under section 4471 of this title, all interested persons affected shall be bound by ... such decisions of the board, ... and shall not thereafter contest, either directly or indirectly, such decision ... of the board in any proceeding, including, without limitation, any proceeding brought to enforce this chapter.

■ Plaintiffs did not appeal the 1984 decision of the zoning board, but they collaterally attack that decision in this lawsuit. The statute unequivocally forecloses such a contest, and the superior court was without jurisdiction to consider it. *McGlynn v. Town of Woodbury*, 148 Vt. 340, 343, 533 A.2d 1187, 1189 (1987); *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 330–31, 503 A.2d 1138, 1142 (1985); *Wright v. Preseault*, 131 Vt. 403, 409, 306 A.2d 673, 677 (1973); *Graves v. Town of Waitsfield*, 130 Vt. 292, 295, 292 A.2d 247, 249 (1972). The policy underlying the statute is evident: "that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril." *Graves*, 130 Vt. at 295, 292 A.2d at 249. Cf. *Town of Bennington v. Hanson-Walbridge Funeral Home, Inc.*, 139 Vt. 288, 292–93, 427 A.2d 365, 368 (1981) (§ 4472 does not bar suit to enjoin use of property prohibited by ruling of zoning administrator).

■ Plaintiffs maintain that § 4472 does not apply where the board's decision was void ab initio. We disagree. In *Graves*, · the town argued that a zoning permit was void on the ground that the administrator who issued the permit lacked authority to do so. 130 Vt. at 294, 292 A.2d at 248. This Court, however, held that § 4472 "precluded [the town] from contesting the validity of the permit." *Id.* at 295, 292 A.2d at 249; see also *Harvey v. Town of Waitsfield*, 137 Vt. 80, 83, 401 A.2d 900, 901 (1979) (§ 4472 barred collateral attack on zoning board decision even where action challenged validity of zoning ordinance from which board's authority derived).

 Plaintiffs also contend that § 4473 contradicts Delaware North's interpretation of § 4472. We again disagree. Section 4473 states that a zoning board may not "allow any use not permitted by any zoning regulations or other bylaw." The power of a zoning board is limited. It does not follow, however, that when a board exceeds its power, as plaintiffs claim happened here, its ruling may be challenged at any time in the future. To the contrary, § 4472 implements a policy of repose, even where the board's ruling is ultra vires. To hold otherwise would severely undermine the orderly governance of development and would upset reasonable reliance on the process.

## II.

### Expiration

In addition to claiming that the 1984 approval may be collaterally attacked, plaintiffs contend, in the alternative, that the 1984 approval lapsed. If this is so, then Delaware North's 1987 petition to the zoning board must be treated as an application for a new conditional use approval, in addition to a building permit, and plaintiffs' appeal of the board's decision in that context was timely filed.

### A. Operation of Law

Plaintiffs argue first that the 1984 approval expired by operation of law. The building permit issued to Delaware North on May 10, 1984, stated on its face that it would expire on May 10, 1985. In addition, a provision in the town zoning bylaws limits the duration of permits to one year (with an option for an extension). These references to the time limit on building permits, however, do not pertain to the underlying zoning approval.[3]

---

[3] Section 230(A) of the town zoning bylaw provides: "No person shall undertake any land development without a valid permit issued by the Zoning Administrator that specifically authorizes the action." Section 240 provides rules for the granting of permits. On the other hand, § 210(A) establishes a board of adjustment which, inter alia, has the power and duty "to hear and decide on a request for conditional use approval." Rules for such approvals are specified in § 250.

■ A project of this magnitude obviously requires more than twelve months to complete. The town bylaws simply cannot be construed to authorize the commencement of the project only to have the approval subject to revocation in a year's time. No developer could reasonably rely on such a capricious scheme. Delaware North must be permitted to rely on the finality of the 1984 ruling, even while having to comply with the formality and costs of procuring a new building permit.[4]

## B. *Abandonment*

■ Plaintiffs also claim that the 1984 approval expired due to the company's abandonment of the project. On appeal, plaintiffs maintain "that the public announcements, coupled with lack of any physical construction, should constitute abandonment of the approval." This is an issue of fact, and is not properly addressed to this Court. The question before us is only whether there was a "genuine issue as to any material fact" evident from the pleadings or other materials before the trial court. V.R.C.P. 56(c); *Hamlin v. Mutual Life Insurance Co.*, 145 Vt. 264, 266–67, 487 A.2d 159, 161 (1984). If there was, summary judgment in the company's favor[5] would be inappropriate, and the matter should be remanded for trial. See *Pierce v. Riggs*, 149 Vt. 136, 140, 540 A.2d 655, 658 (1987). If, on the other hand, there was no "genuine issue as to any material fact" before the trial court, summary judgment in the company's favor would normally be appropriate, since Delaware North is otherwise entitled to judgment as a matter of law on the finality grounds discussed above. See *Alpstetten Association, Inc. v. Kelly*, 137 Vt. 508, 514, 408 A.2d 644, 647 (1979) (burden on party opposing summary judgment to "come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue").[6]

---

[4] The process of procuring a new building permit if construction of a project lasts more than a year, however, is not without reason. It encourages the town to ensure that the project proceeds in compliance with the permit.

[5] Delaware North was the party that initially moved for summary judgment.

[6] As the party moving for summary judgment, Delaware North had the "initial burden of showing an absence of controverted material fact before the opposing party is 'required to come forward with suitable opposing

The only submission before the trial court cited by plaintiffs that has any bearing on the issue of abandonment is an affidavit by James Levy, filed on April 28, 1988. That affidavit contains several allegations "upon information and belief" pertaining to Delaware North's failure to commence construction within one year of the 1984 zoning approval. None of these allegations are based upon the personal knowledge of the affiant. The affidavit also refers to newspaper articles quoting a spokesperson for Delaware North to the effect that the company decided to discontinue its plans to build the dog track.

Rule 56(e) of the Vermont Rules of Civil Procedure provides in part as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Levy affidavit does not comport with these basic requirements. The allegations pertaining to abandonment are not based on personal knowledge or admissible evidence, and they do not "show affirmatively that the affiant is competent to testify to the matters stated therein." V.R.C.P. 56(e); see *Department of Social Welfare v. Berlin Development Associates*, 138 Vt. 60, 62, 411 A.2d 1353, 1355 (1980). The affidavit by

affidavits.'" *Alpstetten Association*, 137 Vt. at 515, 408 A.2d at 647 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)). Delaware North satisfied this burden with its Memorandum in Support of the Motion for Summary Judgment and attachments submitted to the trial court in March 1988, and the burden then shifted to plaintiffs to demonstrate the existence of a disputed material fact.

itself therefore does not properly raise a "genuine issue as to any material fact" under V.R.C.P. 56(c).

We are unwilling, however, to penalize plaintiffs by entering an order of summary judgment for Delaware North if plaintiffs were not at fault in their inability to develop the requisite factual issue. Here, it is clear that plaintiffs sought, through discovery, to develop a basis for properly raising an issue of material fact under the summary judgment rule. On April 14, 1988, plaintiffs served interrogatories, requests to produce, and requests for admission on Delaware North.[7] No response was forthcoming, and on June 6 plaintiffs filed a motion to compel. On June 15, Delaware North moved for a protective order pursuant to V.R.C.P. 26(c), requesting an extension of time to respond to the interrogatories and requests "until such time as the court has ruled on defendant's Motion for Summary Judgment." The record contains no ruling on this motion; however, neither is there evidence of Delaware North's compliance with discovery. "'[T]he party opposing the summary judgment motion is to be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists.'" *Pierce v. Riggs*, 149 Vt. at 139, 540 A.2d at 657 (quoting *Braun v. Humiston*, 140 Vt. 302, 306, 437 A.2d 1388, 1389 (1981)).

Therefore, we cannot lay the blame on plaintiffs for their failure to raise a factual dispute for Rule 56 purposes. Section (f) of the rule applies precisely in these circumstances:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may

---

[7] The content of these interrogatories and requests is not in the record before us; we can only assume they were intended to discover information concerning, inter alia, the issue of abandonment. In an April 19 memorandum to the trial court in support of a motion to enlarge time to respond to Delaware North's motion for summary judgment, plaintiffs referred to the April 14 discovery requests as follows:

This discovery seeks information in respect to the corporate structure of Delaware North, its representations to the public through the media, its development at the site of the proposed development, its authority to do business in the State of Vermont, and materials associated with its various applications.

order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The provision is intended "to provide an additional safeguard against an improvident or premature grant of summary judgment." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2740, at 532 (1983) (footnote omitted). The equivalent provision in the federal rules has been "applied with a spirit of liberality," *id.*, and summary judgment has been held inappropriate "even though Rule 56(f) had not been formally complied with when the court felt that the party opposing summary judgment had been diligent and had acted in good faith." *Id.* at 533 (citing cases). In particular, "the granting of summary judgment will be held to be error when discovery is not yet completed, as, for example, ... when the movant has neither answered nor objected to interrogatories." *Id.* § 2741, at 543–44 (citing cases).

■ Accordingly, we remand for further proceedings, consistent with V.R.C.P. 56(f), on the issue of abandonment. Plaintiffs must be permitted to engage in reasonable discovery. If, after discovery, plaintiffs are still unable to raise a "genuine issue" as to abandonment, an order of summary judgment in favor of Delaware North must be entered. If they succeed in raising the requisite factual issue, however, they are entitled to pursue their claims at trial.

*Reversed and remanded.*