STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Barnard Silver    }
Lake Association, Inc.             }
                                   }   Docket No. 229-10-00 Vtec
                                   }
                                   }

Decision and Order on Cross-Motions for Summary Judgment

Appellant Barnard Silver Lake Association, Inc. appealed from a decision of the Zoning Board of Appeals (ZBA) of the Town of Barnard denying Appellant a zoning permit for rock clearing, grading, and seeding, and referring the matter for enforcement. Appellant is represented by Peter M. Nowlan, Esq.; the Town is represented by Joseph S. McLean, Esq.; Thurston Twigg-Smith, Jr., Executive Vice-President of the Persis Corporation, an adjoining landowner, has appeared and represents himself; and James F. Clarke, Jr., an adjoining landowner, has appeared and represents himself.

Appellant and the Town have moved for summary judgment on four of the five questions in the Statement of Questions: #1: whether its October, 1988 permit remained valid in August, 2000; #2: whether Appellant's grading and seeding in August 2000 satisfied the zoning regulations; #3: whether the ZBA's issuance of a fine is void for lack of a cease and desist order and lack of notice and opportunity to be heard; and #5: whether the Town has authority to regulate clearing and grading where it does not change the contours of the land or drainage patterns.

The following facts are undisputed unless otherwise noted.

Appellant owns an approximately 2.67 acre lot with frontage on Route 12 and Stage Road in the Lakeshore Overlay zoning district of the Town of Barnard. As of July 7, 1997, the date Appellant acquired the lot, it was not developed and had grown up in weeds and brush. The following year, after commencing work to clear the lot, Appellant filed a zoning permit application on August 25, 1998, for "brush-hogging, grading and re-seeding." The Zoning Administrator denied the permit "temporarily pending ZBA approval," and referred it to the ZBA, as all development in the Lakeshore Overlay district requires conditional use approval, § 3.4.2 of the Zoning Regulations[1], and all uses other than single and two-family dwellings require site plan approval. § 5.1.5.

Appellant applied to the Planning Commission on October 5, 1998 for site plan approval. The site plan shows a buffer strip that is ten feet in width by scale, but bears a designation of 10" (inches). The buffer strip appears on the plan only adjacent to the Barnard General Store property and adjacent to Stage Road and Route 12, and not along the Persis Corporation, Universalist Parsonage, or Brown/Finlayson properties. The site plan contains text describing the scope of work as "site clearing." The work described on the plan is to remove all rocks and brush from the property, to fill the holes with compacted soil from the site, to compact the top 6 inches, to

smooth the grade to a uniform surface, and to dispose of all removed rocks off site. The plan specifically instructs: " do not strip topsoil unnecessarily or within driplines of trees," and " remove no trees [of] 4" or greater diameter." The plan shows a single access onto Route 12.

The Planning Commission approved Appellant' s site plan at the October 5, 1998 hearing and issued its decision orally, as reflected in its minutes. The Planning Commission does not appear to have reduced its site plan approval to writing, other than by approving the minutes. The Planning Commission imposed the following conditions in the text of its minutes: " the fertilizer needed is 250 to not more than 300 pounds per square acre of 15-8-12, conservation mix seeding, if by June the seeding with a cover crop of oats or heavily mulched with hay and compacted, maintain 10 foot buffer, hay bale and filter-fabric fence [in] place until seeding takes, no burning but chipping on site and no heavy equipment activity between 7 PM and 7 AM." Although the 10 foot buffer shown on the site plan did not extend around all the property lines, the parties discussed and Appellant' s representative Mr. Aikens agreed at the hearing that the 10 foot buffer was to extend around all the property lines. Although the Planning Commission discussed requiring mulching and seeding by September 1, 1999, no such condition was imposed in the approval motion voted on by the Planning Commission. The 1998 Planning Commission decision was not appealed, and became final.

As soon as the Planning Commission had acted, the ZBA acted to grant conditional use approval at its hearing on October 8, 1998 and issued its decision orally, as reflected in its minutes. The ZBA does not appear to have reduced its conditional use approval to writing, other than by approving the minutes. The ZBA imposed the following conditions in the text of its minutes: " with the site plan approved by the Planning Commission and with the Planning Commission' s conditions, with the two further conditions that Appellant seek and follow professional guidance on the type and amount of fertilizer needed and that the present access be left as is (that there be no improvement in that access as indicated on the plat approved by the Planning Commission)." The 1998 ZBA conditional use approval was not appealed, and became final.

The zoning permit application form states that it becomes valid when signed on both sides by the Zoning Administrator and " approved above," by the Zoning Administrator' s checking of a box to indicate that the permit had been granted. Although the zoning permit would have been eligible for approval after the conditional use and site plan approvals had been issued, in fact the Zoning Administrator did not issue a zoning permit in 1998. Appellant did not request its issuance nor appeal the fact that it had not been issued, as Appellant did not believe it had to take any additional action to request its issuance.

§ 5.0.2 of the Zoning Regulations provides that zoning permits are valid for two years from their date of issuance, except that they expire after one year if no ' construction' is begun under the permit, and except that a landowner may request a one-year extension if requested before the expiration of the initial two years. However, as no zoning permit was ever issued in 1998, the duration provisions for zoning permits do not apply. Whether the time is measured to the summer of 1999 or the summer of 2000, Appellant had no zoning permit authorizing it to do the work allowed by the 1998 conditional use approval or site plan approval. We note that there are no duration provisions applicable to the site plan approval or conditional use approval. Those approvals remained in effect and did not expire, even if Appellant had been obligated to acquire

a new zoning permit as of the summer of 1999 or 2000. Levy v. Town of St. Albans, 152 Vt. 139, 143-44 (1989). Of course, any new zoning permit would be determined under any changes to the regulations in effect at such later time.

On August 8, 2000, Appellant filed with the Zoning Administrator a new application for a zoning permit for " rock clearing, grading & seeding." The Zoning Administrator granted the permit on August 11, 2000, with the limitation that the permit was " approved in accordance with ZBA hearing of 10/8/98[2] - no other development approved via this permit." Before the expiration of the time for appeal, Appellant performed more work on the lot. Mr. Twigg-Smith appealed this permit to the ZBA.

The ZBA acted on the appeal at its September 14, 2000 hearing, and issued its decision orally, as reflected in its minutes. The ZBA does not appear to have reduced this decision to writing, other than by approving the minutes. The ZBA denied the August 8, 2000 permit application on the basis that the 1998 permit and approvals had expired and that therefore the new permit application required a new site plan approval and conditional use approval before it could be issued. Later in the meeting, the ZBA also voted to " request the [Zoning Administrator] and/or the Selectmen to enforce the zoning regulations, in particular that section 8.4.1.1 be applied and [that Appellant be] fined $25 per day for the period August 24, 2000 to September 14, 2000 inclusive." Appellant appealed to this Court in the present appeal both ZBA actions taken on September 14, 2000.

On or about October[3] 10, 2000,the Zoning Administrator issued a notice of violation to Appellant, describing the violation as beginning work within the 15-day period before the permit became final, and even though the appeal was filed, continuing with work after being told to stop, and failing to comply with the conditions of the conditional use and site plan approvals. Appellant appealed this notice of violation to the ZBA, but the Court has not received any subsequent appeal from the ZBA's action, if any, on the notice of violation, nor has any enforcement action been filed by the Town based on that notice of violation.

Appellant has moved for summary judgment on Question 3 of the Statement of Questions, arguing that the ZBA's " issuance of a fine" is void for lack of a cease and desist order and lack of notice and opportunity to be heard. As the ZBA did not " issue" a fine, but merely requested that the Zoning Administrator (or the Selectboard) take action to enforce the regulations, summary judgment is denied to Appellant and granted in favor of the Town on this question. The ZBA did not impose a fine by its actions on September 14, 2000.

Appellant has moved for summary judgment on Question 1 of the Statement of Questions, arguing that its October 1988 zoning permit remained valid in August of 2000. However, Appellant never received a zoning permit in October 1988. Appellant did receive the two prerequisites to a zoning permit: conditional use approval from the ZBA and site plan approval from the Planning Commission. Appellant would have been entitled to a zoning permit in 1988, but one was never issued, as is apparent from the face of the 1988 zoning permit application, which is not signed or checked off to complete the issuance of the zoning permit. It is not enough that the Administrative Office indicated that the permit denial was " temporary pending ZBA approval," as there is no provision, either on the form or in the Zoning Regulations, for such a

denial to become automatically transformed to an approval. In fact, it should not have been automatic, as both ZBA approval and Planning Commission approval were prerequisites to the Administrative Officer acting to approve the permit. In any event, he never took that action. The permit form states on its face that " [t]his form becomes the Zone (land use/building) Permit when approved above and signed on both front and back by the Administrative Officer," and in this case the form was never " approved above." It is therefore irrelevant whether Appellant took sufficient actions in the summers of 1999 and 2000 to have triggered the two-year rather than the one-year permit duration under then-§ III.B.2 (now section § 5.0.2.). Accordingly, summary judgment is denied to Appellant and granted in favor of the Town on Question 1. No zoning permit was issued in 1998, and therefore it could not still be valid.

However, we must note that both the 1998 conditional use approval and the 1998 site plan approval <u>are</u> still valid, and that therefore, unless the parties opposing the zoning permit can assert another reason against its issuance, Appellant will be entitled to the issuance of the zoning permit as issued by the Administrative Officer in August of 2000. No party raised this issue by summary judgment, and it is not technically raised by Question 4 of the Statement of Questions. The parties should be prepared to discuss, in the telephone conference scheduled in the final paragraph of this order, the scope of Question 4 and whether any evidentiary hearing will be necessary to present the remaining merits of this appeal to the Court.

Appellant has moved for summary judgment on Question 5 of the Statement of Questions, arguing that the Town has no authority to regulate clearing and grading that does not change the contours of the land or drainage patterns. Although not expressly stated in Appellant' s memoranda, the implication of this argument is that Appellant did not need to apply for or obtain a zoning permit, either in 1998 or in 2000. We need not reach the question of whether Appellant waived this argument by making the applications, because the work as proposed on the site plan and the zoning application clearly involves grading, and grading requires site plan approval under § 3.4.3.6(C) in the Lakeshore Overlay District. Moreover, the stripping of vegetation in this district requires a zoning permit from the Administrative Officer under § 3.4.3.5, regardless of whether a conditional use approval or site plan approval is required. These regulations do not go beyond the authority grated to towns by the enabling statute. (See 24 V.S.A. § 4401(b)(1) " including specifically, without limitation . . ." ) Accordingly, summary judgment is denied to Appellant and granted in favor of the Town on Question 5.

Appellant has moved for summary judgment on Question 2 of the Statement of Questions, arguing both that it completed the grading and seeding of the parcel in compliance with the conditions of the 1998 approvals, and that those " permit" conditions had no basis in the regulations. As we have already ruled, the 1998 conditional use approval and the 1998 site plan approval were not appealed and became final. Appellant cannot now argue that the conditions in those approvals were beyond the scope of the regulations. 24 V.S.A. § 4472. Accordingly, summary judgment is denied to Appellant and granted in favor of the Town on Question 2. The question of whether Appellant completed the grading and seeding in compliance with the conditions of the 1998 approvals is not strictly before the court in this appeal, as it was not raised by the Statement of Questions. It actually would only become a live issue either in an enforcement action or an appeal from a Notice of Violation, which is not before the Court at this

time. In the telephone conference the parties should expect to discuss whether any such appeal or enforcement action is forthcoming.

As discussed in this decision, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is DENIED, and summary judgment is hereby GRANTED in favor of the Town, on Questions 1, 2, 3, and 5 of the Statement of Questions. We will hold a telephone conference at 9:30 a.m. on June 14, 2001, to discuss whether any matters remain unresolved in the present appeal. We request that Mr. Twigg-Smith and Mr. Clarke arrange to be at a single telephone number, as the Court is limited to three lines when placing a telephone conference without the use of an operator. Please inform the Court at 802-479-4486 in advance of June 14 as to what number we should use. The Court will place the calls.

Done at Barre, Vermont, this 7th day of June, 2001.

_____

Merideth Wright
Environmental Judge


**Footnotes**

1.    We note that the Zoning Regulations were amended in March of 2000 and that the previous amendment was in 1997. The parties have submitted only the 2000 edition of the Regulations; we presume that the sections material to this appeal are unchanged.

2.    Transposed as "89" on the permit; however, the parties do not appear to dispute that the reference was intended to be to the October 8, 1998 hearing.

3.    Typed as "8/10/00 " on the Notice of Violation; however, the parties do not appear to dispute that the reference was intended to be to an October rather than an August notice.