**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Latendresse | } | |
| | } | |
| | } | Docket No. 198-9-02 Vtec |
| | } | |
| | } | |

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellant-Applicants Richard and Francine Latendresse appeal from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Canaan, denying Appellants' application for a zoning permit to add a roof over an existing concrete walkway that lies approximately three feet from the neighboring property. Both parties moved for summary judgment; copies of the 1979 and 2000 editions of the Zoning Bylaw were supplied to the Court on February 23, 2004. Appellants are represented by Duncan Frey Kilmartin, Esq.; Appellee Town of Canaan is represented by Paul S. Gillies, Esq. The following facts are undisputed unless otherwise noted.

Appellants own an existing motel and house (used by the motel manager) on an existing small (0.39-acre) lot at 125 Gale Street in the Residential-Commercial[1] zoning district of the Town of Canaan. Both a residential and a motel use are conforming uses in this zoning district. They were built prior to the enactment of zoning in Canaan in 1979.

The nine-unit motel and the house are attached and form an L-shape. The rear of the building is approximately 1½ feet from the rear (south) property line. The side of the house as it existed before the 1981 addition was 30 feet long, not including a front porch approximately eight to ten feet[2] wide. The side of the house as it existed before the 1981 addition was located approximately 15 feet from the west side property line. In 1981, the required side and rear setbacks were 20 feet. Thus, in 1981, the property contained a pre-existing building that was non-complying at least as to its rear and west side setbacks.[3]

In 1981, the then-landowner Maurice Routhier applied for a zoning permit to build a 12' x 30' addition along the entire west side[4] of the house, to serve as a laundry room for the motel. The minutes of the September 10, 1981 ZBA meeting that considered this issue noted that, once the proposed addition was built, it would be located approximately three feet from the side property line. However, the ZBA granted approval for the proposed addition, apparently[5] on the basis of the provision in § 402.3 that a non-conforming use may be expanded up to 20% with approval of the ZBA.

The 1981 approval was incorrectly granted, because both § 402.3 (as to non-conforming uses) and § 403.1 (as to non-complying structures) require any such expansion to be in accordance with the regulations, and the expansion proposed in 1981 would have extended impermissibly into the west side setback, in violation of § 308 of the 1979 Bylaw. However, no appeal was taken from the 1981 permit, and it became final. It authorized an addition 12 feet in width and 30

feet in length[6], extending along the entire west side of the house, to be used as a laundry for the motel. The only condition imposed on that permit was that the laundry would not be for public use.

Although a 12' x 30' addition was approved in 1981, the landowner installed a poured concrete slab approximately two feet wider and eight to ten feet longer. That slab was constructed more than fifteen years ago; therefore, under 24 V.S.A. § 4496(a), no enforcement action may be brought for that violation of the 1981 permit. The slab was 14' in width and approximately 40' in length, and extended not only along the entire side of the house but also along the width of the front porch of the house, so that it made a corner with the front porch of the house. However, if that slab was at the normal grade level, and not raised above the normal grade level, its placement within the west side setback did not violate § 308 of the 1979 Bylaw.

On this slab in 1981 the landowner constructed a laundry room extending 15 feet in width (the 14 feet of the slab plus a one-foot overhang) but only 23[7] feet in length, measured from the back corner of the west side of the house. The laundry room was constructed more than fifteen years ago; therefore, under 24 V.S.A. § 4496(a), no enforcement action may be brought for that building width violation. This construction left an exposed slab 14 feet in width, extending along the remaining approximately seven feet of the side of the building and the entire width of the front porch. It has been used as a walkway from the front porch of the house to the entrance of the laundry room addition.

Under Table 205.3 of the 2000 Zoning Bylaw the required side setback in the Residential-Commercial zoning district is 15 feet. Under the definition of ' yard,' " [p]orches, whether enclosed or not, shall be considered as part of the main building and shall not project into a required yard," that is, into a required setback area. Under § 307, all structures, except steps and landings, whether open or enclosed, are precluded from projecting into any minimum yard (required setback area). However, § 307 continues the exemption for platforms at ' normal grade level,' so that the unroofed portion of the slab, which appears to be at normal grade level, did not become an additional non-conformity when the 2000 Bylaw was adopted.

In 2002, without applying for a zoning permit, Appellants built a 14' x 14' 7" roof over the remainder of the concrete slab, extending the roof from the existing laundry room so that it extends along the full length of the house and meets with the roof of the house' s front porch. After being informed by the Zoning Administrator that a permit was required for the construction of the roof, Appellants filed the application that is the subject of this appeal, and appealed the Zoning Administrator' s denial of the permit to the ZBA. In a written decision dated August 14, 2002, the ZBA denied Appellants' application for a permit to add a roof over the slab based on its violation of § 307 (and therefore its failure to meet § 403.1). The ZBA noted that the addition of the roof " expands the non-compliance of the existing structure by extending the roof further into the side setback than was permitted in 1981."

At most, under the 1981 permit, Appellants would have been permitted to build an additional 12' x 7' roof or porch on the front end of the laundry addition[8], to extend the length of the building to its originally-permitted 30 feet, and to leave the additional on-grade slab uncovered as an on-grade walkway or patio allowed within the side setback.

Beyond the 12' x 7' additional portion of the roof arguably allowed under the 1981 permit, there is no basis in the current (2000) bylaw to approve the remainder of the 14' x 14'7" roof constructed by Appellants. Contrary to Appellants' argument, adding the roof over the existing on-grade slab does increase the projection into the side yard setback, in violation of §§ 307 and 312, because although the on-grade slab itself is allowed to project into the side yard setback, any roofed structure such as a porch or carport, or even an unroofed but above-grade deck, is not. Because adding the roof over the existing on-grade slab within the fifteen-foot side yard setback is not in accordance with §§ 307 and 312, it cannot be approved under § 403(1). Compare, In re Pearl Street Mobil, Docket No. 2001-249 (Vt. Supreme Ct., Dec. 21, 2001) (three-justice panel) (canopy allowed over pre-existing gasoline pump islands that were a non-conforming use in the district because there was no allegation of dimensional or setback non-conformity), with In re Appeal of Tucker, Docket No. 99-399 (Vt. Supreme Ct., Mar. 10, 2000) (three-justice panel) (applicants had obtained permit to build one-story building extending into side setbacks; not authorized to expand to two-story building (additional height) within the setbacks even though it would not have violated the height limitations in the regulations). And see In re Dunnett, 172 Vt. 196, 202-03 (2001) in which enlargement of a portion of a non-conforming building that extended into the side setbacks was denied, while enlargement in height of a central portion of the building, not affecting the side setback areas, was granted.

Moreover, neither of the waiver provisions cited by Appellants is applicable to this proceeding. Section 207.3 allows the Planning Commission to waive the § 207.2 standards in ruling for an application for site plan approval. This is not an application for site plan approval and the 15-foot side setback is not one of the § 207.2 standards. Section 208.2 allows the ZBA to waive the § 208(A) through 208(O) standards in ruling for an application for conditional use approval. Even if this were an application for conditional use approval (as accessory to the conditional motel use rather than as accessory to the permitted house use), the 15-foot side setback is not one of the § 208 standards.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED and Appellants' Motion for Summary Judgment is DENIED. This decision and order appears to the Court to conclude this appeal; a judgment order to that effect will be issued on March 5, 2004, unless either party files an objection in writing (which may be filed by fax to 479-4487) by close of business on March 4, 2004. If an objection is filed, we will hold a brief telephone conference on March 5, 2004, at 1:30 p.m.; please inform the Court at what number you would like to be reached.

Done at Barre, Vermont, this 26th day of February, 2004.

_____
Merideth Wright
Environmental Judge


**Footnotes**

1.     While the minutes of the 1981 ZBA meeting refer to the property as being located in a Residential 1 district, the parties to the present appeal and the 2002 ZBA decision appear to agree that it is in a Residential-Commercial district.

2.     The porch width is inferred from the diagram in the 2002 permit application and Appellants' Statement of Facts that the slab was 14' wide by either 37'7" or 40' long, and that the slab appears to extend the 30 feet of the side of the house plus the width of its front porch.

3.     A non-complying structure is considered a non-conforming 'use' for the purposes of triggering the provisions of §§402 and 403 of the Zoning Bylaw. See In re Letourneau, 168 Vt. 539, 545-47 (1998); 24 V.S.A. §4408.

4.     Unlike the 2002 application, the 1981 application does not portray the house with a front porch. As the side of the house without the porch is 30 feet and as the requested size of the addition was 30 feet in length and was shown in the 1981 diagram as extending the entire side of the house, the 1981 permit did not authorize any structure larger than 12' x 30'.

5.     No written decision of the 1981 ZBA has been provided, other than the minutes of the September 10, 1981 meeting at which the decision was made.

6.     Landowners are held to the terms of their permit applications. Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288, 293 (1981); In re Appeal of Tucker, Docket No. 99-399 (Vt. Supreme Ct., Mar. 10, 2000) (three-justice panel). The 1981 diagram, which did not purport to have a scale or to be drawn to scale, also does not show the house's original porch and cannot supersede the terms of the permit application for a 12' x 30' structure.

7.     The parties both refer to the length of this building as being 25 feet in length, but the 2002 application diagram shows it as 23 feet. The discrepancy may be due to a one-foot overhang on each side of the building's roof, or to some other factor; we need not resolve it as it has no effect on the legal analysis or end result of this decision.

8.     We do not reach the question of whether they would be entitled to that construction at the present time because it is not requested in the application before the Court. If they were to make such an application, the ZBA would have to address the question of whether the 1981 zoning permit expired under §602.3 (essentially the same in both the 1979 and the 2000 Bylaw), and whether the underlying approval of the 12' x 30' structure remains valid although they may need to apply for a new zoning permit to construct the remainder of it. See Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 143-44 (1989).