**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of West          }
                            }
                            }      Docket No. 74-5-03 Vtec
                            }
                            }

### Decision and Order on Cross-Motions for Summary Judgment

Appellants Greg and Paula West appeal from a decision of the Development Review Board (DRB) of the City of Vergennes, reversing the Zoning Administrator= s decision declining to issue a notice of violation regarding Appellants= use of their residence as a two-family dwelling. Appellants Greg and Paula West are represented by Willem Jewett, Esq.; Appellees Kelley McCrory and Kenneth O. Smith, III, are represented by Andrew M. Jackson, Esq.; and the City of Vergennes is represented by James W. Runcie, Esq. The parties each moved for summary judgment; the following facts are undisputed unless otherwise noted.

Appellants Greg and Paula West own property improved with a nineteenth-century house at 70 Green Street, in the R-1 Residential zoning district. Zoning regulations were first adopted in Vergennes in 1973. In the R-1 zoning district, a one-family dwelling use is a permitted use, while a two-family dwelling requires conditional use approval by the DRB.

The prior owner, Blanche LaFrance (formerly Blanche Rheaume), owned the property from 1969 until selling it to Appellants in early March of 2002. As of the adoption of the zoning regulations in 1973, the house was in use as a two-family dwelling: the former owner occupied the downstairs unit and rented out the upstairs unit. Each unit was equipped its own kitchen, full bathroom, living room, and at least one bedroom. The downstairs unit consisted of six rooms plus the use of two upstairs rooms for storage; the upstairs unit consisted of five rooms.

At some time in 1995 or 1996, the former owner stopped renting out the upstairs apartment, as it was in need of repairs and had no heat due to the removal of the chimney and vent serving its heater. The condition of the upstairs unit may have been due to damage from a wind storm. The former owner continued to live in the downstairs unit until she moved out in 1999, when she listed it for sale. The entire house was vacant from some time in July of 1999 through some time in June of 2000. The former owner rented out the downstairs unit to tenants June of 2000, and allowed the tenants to use a portion of the upstairs space for storage. Those tenants were in residence at least through October 29, 2003 when the stipulation of facts was filed in this appeal.

On January 23, 2002, before purchasing the property, Appellants applied for a zoning permit to renovate the house, including the removal and replacement of an existing second floor porch and stairway. The diagram attached to the application showed the proposed renovations and showed the stairway leading up the second floor porch with a doorway frm the exterior into the second floor of the house. On the application form, Appellants stated the > present use= of the property as the A rental of [the] downstairs (1st floor);@ stated the > proposed use= of the property as A two unit dwelling;@ stated the > proposed structures/improvements= as A renovations, new front porch;@ and marked the box for A no@ to the question: A Is this application for construction of a new dwelling unit.@ On February 4, 2002, the Zoning Administrator approved the application and issued a zoning permit, which became effective without appeal on February 19, 2002. The approval identified the > proposed use type= as A permitted@ and stated the > identification of proposed use= as A reconstruction of front porch area.@

Based on his review of the zoning records and his inspection of the house on February 25, 2002, the Zoning Administrator issued a Certificate and Declaration of Compliance on February 25, 2002, that the A subject property [is] in conformance with the zoning bylaws currently in effect.@ This action of the Zoning Administrator became effective without appeal on March 2, 2002.

On March 4, 2002, Appellants took title to the property. The following day Mr. West applied to the then-Zoning Board of Adjustment (ZBA) for conditional use approval to A turn a 1-unit dwelling back into a 2 unit dwelling.@ It appears that this application was never given an application number or scheduled for hearing or acted on by the ZBA.

By letter dated March 25, 2002, Appellee McCrory informed the Zoning Administrator that two families were currently occupying the house since March 23, 2002 and requested that the Zoning Administrator take enforcement action pursuant to 24 V.S.A. ' 4445. The Zoning Administrator responded by letter dated March 27, 2002, declining to issue a notice of violation because the property was grandfathered as a two-family dwelling and that use had not been abandoned or discontinued.

Appellees appealed the Zoning Administrator=s decision to the DRB[1], which reversed the Zoning Administrator= s decision, finding that the former owner had discontinued the two-family use and that therefore it could not be re-established without first coming into compliance with the regulations (by obtaining conditional use approval). Appellants appealed the DRB= s decision to this Court.

As of some time in 1996, after the upstairs unit had been vacant for more than six months and because it was not habitable and the then-owner was not holding it out for rental, the pre-existing grandfathered two-unit use of the building lapsed by operation of ' 505(3)[2] of the Zoning Regulations. After that time, the Town and Appellees are correct that the two-unit use of the building should not have been resumed without conditional use approval. In addition, as the entire building was vacant for more than six months after the former owner moved out of the downstairs unit in July of 1999, the two-unit use also lapsed under ' 505(3) during that period, because that section only requires discontinuance of the grandfathered use for a period of six months, without regard to the owner= s intent.

Not only did the Zoning Administrator erroneously approve that application as a permitted use, but the Zoning Administrator also erroneously certified the compliance of the that application with the zoning regulations. However, neither the permit nor the certificate of compliance were appealed. Because Appellants stated on their application for the zoning permit that the proposed use of the property after the requested renovations was as a A two-unit dwelling,@ and that application was approved and became final, it is not now subject to challenge, directly or indirectly, under 24 V.S.A. ' 4472(d), even though the approval and the later certificate of compliance were issued in error.[3] Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989); and see Appeal of Addison County Eagles, Docket No. 13-1-00 Vtec (Vt. Envtl. Ct., May 7, 2001). Appellants therefore may continue the two-unit use of the building without obtaining a conditional use permit, and are not in violation for doing so.

Accordingly, the Zoning Administrator correctly declined to issue a notice of violation (although for the wrong reasons) and the DRB= s decision reversing the Zoning Administrator= s action must be overturned. We note specifically that this does not make the two-unit use of the building a complying use; it remains a non-complying use (albeit one that is allowed to continue due to the erroneously-issued permit and certificate of compliance) until and unless it obtains conditional use approval.

Even though they are allowed to continue the two-unit use of the building without obtaining a conditional use permit, Appellants are nevertheless entitled to apply for conditional use approval,

if they would like to bring their property into compliance so as to avoid future issues regarding operation, renovation, expansion or discontinuance of a non-conforming use. That is, the two-unit use of the building is an allowed use in the district; the only thing that makes it non-conforming is its lack of conditional use approval. The mere fact that they filed an application on March 5, 2002 for conditional use approval did not constitute a waiver of their claim that they are in any event entitled to the two-unit use of the building under their February 2002 permit and certificate of compliance.

Appellants remain entitled to have the DRB act on their application for conditional use approval, or to file a renewed application if they wish to do so. If it is granted, the two-unit use of the building will become entirely conforming rather than remaining non-conforming due to the absence of conditional use approval. If Appellees were to appeal that grant, this Court would then address de novo whether the two-unit use of the building meets the conditional use standards. If it is denied, Appellants could appeal the denial to this Court, which would then address de novo whether the two-unit use of the building meets the conditional use standards. Under either scenario, even if conditional use approval were ultimately denied and the denial became final, Appellants would retain the right to continue use of the residence as a non-conforming two-family dwelling, until or unless that use were abandoned or discontinued in the future. If conditional use approval were ultimately granted and that grant became final, then Appellants would not have to deal in the future with any issues limiting the alteration, expansion, renovation, discontinuance or abandonment of a non-conforming use, and could use the house as a one-family or a two-family dwelling as they may wish to do so.

Accordingly, based on the foregoing, Appellants= Motion for Summary Judgment is GRANTED; the City of Vergennes= Motion for Summary Judgment is DENIED; and Appellees McCrory and Smith= s Motion for Summary Judgment is DENIED, concluding this appeal.

Done at Barre, Vermont, this 31st day of March, 2004.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1.    The DRB held a public hearing on May 6, 2002, and met in deliberative sessions on May 20, 2002 and June 3, 2002. The DRB appears to have made a decision at the June 3, 2002 hearing, even though it did not reduce it to writing until its written decision dated February 3, 2003. (See paragraph 10 in the Introduction section of that decision). The minutes of the June 3, 2002 DRB meeting were not provided to the Court and may not be available. (See cover letter filed by Town on September 26, 2003). Based on paragraph 10 of the Introduction section of the February 3, 2003 decision, 'deemed approval' of Appellees' position did not take place, and Appellants' appeal of the DRB's decision was timely.

2. It may also have lapsed under §505(4), as there is some indication that the disrepair of the upstairs unit was due to damage from a wind storm.

3. The two-unit use of the building without conditional use approval remains a non-conforming use, and continues to lack conditional use approval. Nothing about its continuation or the erroneously-issued permit would authorize a permit for any other property in the district to commence two-unit residential use without first obtaining conditional use approval.