STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Bloch Occupancy Permit | } | Docket No. 94-5-05 Vtec |
| (Appeal of Pete) | } | |
|  | } | |

Decision and Order on Motions for Summary Judgment

Appellants Richard and Teresa Pete appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Charlotte, upholding the Zoning Administrator's grant of a Certificate of Occupancy to Appellee-Applicants Robert and Nancy Bloch. Appellants have appeared and represent themselves; Appellee-Applicants are represented by Thomas F. Heilmann, Esq.; and the Town is represented by Will S. Baker, Esq. Appellee-Applicants have moved for summary judgment. The following facts are undisputed unless otherwise noted.

In May of 2004, Appellee-Applicants applied for a zoning permit for an addition[1] to the family room and master bedroom of their single-family house at 1188 Whalley Road, in the Rural zoning district. The house is non-conforming because it does not meet the 50-foot side yard setback required in the district, as a ground-floor porch extends to

---

[1]    Appellee-Applicants' proposal also called for a reconfiguration of their garage which does not implicate the side setback at issue in this appeal.

approximately 25 feet from the side property line adjacent to Appellants' property.

Appellee-Applicants proposed to replace the nonconforming ground-floor porch with an enclosed family room on the ground floor, and to extend it vertically to accommodate an expanded master bedroom on the second floor. The proposed changes did not extend any closer to the side property line than did the existing nonconforming porch, but they would occupy a greater volume of the setback area, and therefore were an expansion of the nonconforming structure that should have been reviewed under §6.6[2][2] of the Zoning Bylaws. See In re Appeal of Tucker, Docket No. 123-7-98 Vtec (Vt. Envtl. Ct., Aug. 2, 1999); aff'd Docket No. 1999-399 (Vt. Sup. Ct., Mar. 10, 2000) (three justice panel, unpublished) (permit to build one-story building extending into side setbacks does not authorize expansion to two stories within the setbacks, even though it would not have violated the height limitations or extended laterally any farther into the setbacks).

Instead of referring the application for consideration as an expansion of a nonconforming use, the Zoning Administrator approved it as a permitted use. No party appealed the Zoning Administrator's decision to the ZBA, so that the zoning permit (#04-33-TM) became final on May 25, 2004.

Appellee-Applicants completed construction in late January of 2005, and applied for a Certificate of Occupancy. A Certificate of Occupancy certifies that the work for which

---

[2][2] The Court makes no ruling at this time as to whether §6.6 contains adequate standards.

the permit was issued was completed in accordance with the approved plans and specifications and was completed in accordance with "the requirements of these regulations." Bylaws §6.2(B). The Zoning Administrator took a site visit and inspected the construction, determined that Appellee-Applicants' addition complied with the zoning permit, and issued the Certificate of Occupancy. Appellants appealed its issuance to the ZBA and appealed the ZBA's action upholding its issuance to this Court.

Appellants first argue that the Zoning Administrator issued the May 2004 zoning permit in error because it unlawfully authorized the expansion of a non-conforming use. While Appellants are correct that the zoning permit was issued in error, the opportunity to appeal that zoning permit was to appeal it to the ZBA within fifteen days of its issuance by the Zoning Administrator. In the absence of such an appeal, it cannot now be challenged, either directly or, as here, indirectly. 24 V.S.A. §4472(d); Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989).

Appellants next argue that the Zoning Administrator illegally issued the Certificate of Occupancy because, to obtain a Certificate of Occupancy, Appellee-Applicants' addition must not only comply with its permit but must also comply with the requirements of the zoning bylaws, and it does not do so. However, under 24 V.S.A. §4472(d), a challenge to the Certificate of Occupancy for this reason would also constitute an impermissible indirect challenge to the final, unappealed zoning permit. See Appeal of Conrad, Docket No. 52-3-00 Vtec, slip op. at 3–4 (Vt. Envtl. Ct., April 12, 2002).

Appellants also argue that Appellee-Applicants' zoning permit will entitle Appellee-Applicants to make unlimited additional illegal changes to their property in the future, based upon the improperly-issued but final permit. However, as the expansion authorized by the 2004 permit was "improperly authorized as a result of an error by the administrative officer" it remains defined as a nonconformity. 24 V.S.A. §§4303(13), (14)

and (15).   Any future modifications would require review by the ZBA, not the Zoning Administrator, under §6.6 or whatever provisions of the Bylaws govern non-conforming uses at the time of the future application.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' motion for summary judgment is GRANTED, and the Zoning Administrator's issuance of the Certificate of Occupancy is upheld, thereby concluding this appeal.

Done at Berlin, Vermont, this 24th day of October, 2005.

_____

Merideth Wright
Environmental Judge