STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Trahan NOV | } | Docket No. 22-1-07 Vtec |
|  | } |  |
|  | } |  |

## Decision on Motion for Summary Judgment

This appeal arises out of the Town of Fayston (Town) Zoning Board of Adjustment (ZBA) decision affirming the Zoning Administrator's (ZA) determination, dated November 13, 2006,[1] that Appellants Michael and Desiree Trahan's pond is in violation of the Fayston Land Use Regulations (Regulations), specifically those regulations governing setbacks. Appellants have filed a motion for summary judgment, which is opposed by the Town. Appellants are represented by Vincent A. Paradis, Esq. and the Town is represented by Amanda S. E. Lafferty, Esq. No other parties have appeared in this proceeding.

## Background[2]

1.     Appellants own the property located at 179 Barton Road in Fayston, which consists of approximately 7.2 acres.

2.     Appellants' property is located in the Recreation Zoning District.

3.     On May 16, 2005, Appellants applied for and received a building permit to construct a single family residence on their property.

4.     During the summer and fall of 2006, Appellants constructed a pond on the property.

5.     The pond impounds approximately 18,000 cubic feet of water and is constructed entirely out of earthen material; there is an earthen berm that impounds the water.[3]

6.     Appellants completed construction of the residence and a Certificate of Occupancy was issued on October 23, 2006.

7.     At some point after Appellants finished installing the pond, they were advised by the ZA

---

[1]  The Trahans' appeal to the ZBA also referenced a memorandum the ZA issued on November 3, 2006. See footnote 6, below, for further discussion on this point.

[2]  All facts are undisputed unless otherwise noted.

[3]  Appellant Michael Trahan has submitted an affidavit in which he disagrees with the ZA's characterization of the berm. Trahan Affidavit, ¶1 (filed July 12, 2007). In the affidavit, however, he agrees that the berm is made only of earthen materials, and the only disagreement appears to be whether the berm contains "footings." Id. ¶2. The issue of whether the berm contains footings is not material to our analysis and therefore is not discussed here.

that they would need to obtain a permit for the pond pursuant to the Regulations.

8. Appellants submitted an application to the ZA for a zoning permit for the pond on October 20, 2006.[4] On the application, attached as Exhibit 5 to Appellant's Statement of Undisputed Facts, under the section entitled "reason for the application," Appellants checked "Other" and hand-wrote "pond" on the adjoining blank line. The section requesting the applicant to describe the type of "proposed structure" is largely blank, except for the "lot size" blank, in which Appellants wrote "7.2 acres." There is also a handwritten notation in the margin reading "18,000 cubic feet."

9. At some point thereafter, but prior to November 1, 2006, the ZA telephoned Appellant Michael Trahan to request further information on the exact location of the pond, including the setback from Barton Road. Mr. Trahan was unsure of the exact measurements, so the ZA requested and received permission to measure the distance.

10. On November 1, 2006, the ZA measured the distance from the center of Barton Road to the pond.

11. On November 3, 2006, Appellants received an opinion memorandum from the ZA in response to their application for a zoning permit, notifying them that the pond was in violation of Regulations § 2.4 and Table 2.3 because the pond was only set back nineteen feet from the center of Barton Road.

12. On November 13, 2006, the Town issued a notice of violation to Appellants, informing them that the pond was "within the 65' setback from the center of Barton Rd." and that the pond berm was located "within the 50' R.O.W. in the Town of Fayston, VT." The notice advised Appellants that their property was in violation of Regulations §§ 2.3(A), (C), and (D); § 2.4; Article 2, Table 2.3(D); § 1.3; and §§ 4.11 (A) and (B).

13. Appellants appealed the notice of violation to the ZBA on November 14, 2006.

14. The ZBA held a hearing on the appeal on December 14, 2006 and issued a written decision affirming the ZA's finding of a setback violation with respect to the pond on January 12, 2007.

15. On January 18, 2007, Appellants received a written decision from the ZA denying their

---

[4] This date appears to be contradicted by the ZA's November 3, 2006 letter to Appellants, attached as Exhibit 6 to Appellants' Statement of Undisputed Facts. However, we will use the October 20, 2006 date as the date of submission of the application because the parties have agreed that the application was submitted on October 20, 2006 and the application itself (attached as Exhibit 5 to Appellants' Statement of Undisputed Facts) is dated October 20, 2006.

application for a zoning permit for the pond. Affixed to the decision was a note, signed by the ZA, stating that "This copy is for your records. My decision was held until the ZBA Notice of Decision was issued."

16. Appellants did not appeal the January 18, 2007 ZA decision denying their application, but they did appeal the ZBA's January 12, 2007 decision, which is the subject of the pending appeal now before this Court.

## Discussion

Summary judgment is only appropriate "when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." In re Carter, 2004 VT 21, ¶ 6 (citation omitted); V.R.C.P. 56(c). Appellants have moved for summary judgment that (1) their application for a zoning permit for the pond was deemed approved prior to the ZA's denial and prior to the ZBA's final decision on Appellant's appeal of the notice of violation (thus mooting the ZBA's decision on the notice of violation) and (2) the ZA erred in issuing the November 3, 2006 opinion memorandum because the pond does not violate the Regulations regarding setbacks. These two issues implicate all five issues raised in Appellants' Statement of Questions.

## Deemed Approval.

The first issue involves the so-called "deemed approval" remedy codified at 24 V.S.A. § 4448(d)[5] and in Regulations § 9.3(C)(5). Regulations § 9.3(C)(5) provides that

> Within 30 days of receipt of a complete application, including all application materials, fees and required approvals, the Administrative Officer shall act to either issue or deny a permit in writing, or to refer the application to the Planning Commission or Board of Adjustment for consideration. If the Administrative Officer fails to act within the 30-day period, a permit shall be deemed issued on the 31st day.

Here, Appellants submitted their application for a zoning permit for their pond on October 20, 2006. The ZA subsequently determined that the application was incomplete because the blanks requesting setback information were not filled out. The ZA then requested and received permission from Mr. Trahan to visit the property and measure the setbacks. This was done on November 1, 2006, as reflected in the ZA's November 3, 2006 memorandum, attached

---

[5] 24 V.S.A. § 4448(d) provides that "[i]f the administrative officer fails to act with regard to a complete application for a permit within 30 days, whether by issuing a decision or by making a referral to the appropriate municipal panel, a permit shall be deemed issued on the 31st day."

as Exhibit 6 to Appellants' Statement of Undisputed Facts. In this November 3, 2006 memorandum, the ZA expressly stated her conclusion that the edge of the pond setback was only nineteen feet from the centerline of the adjoining roadway and therefore in violation of the applicable Regulations.[6]

Other than the measurements, the ZA did not receive further information from Appellants subsequent to November 1, 2006. The ZA "held" her formal decision on Appellants' application, as reflected in her handwritten note attached as Exhibit 5 to Appellants' Statement of Undisputed Facts, until January 18, 2007, at which point she denied it.

The Town argues that Appellants' assertion of the deemed approval remedy is barred by the finality provisions of 24 V.S.A. § 4472 because Appellants did not appeal the ZA's January 18, 2007 decision denying their application, even though the ZA's decision may have been untimely. Section 4472(a) provides that

> the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or bylaw shall be the appeal to the appropriate panel under section 4465 of this title, and the appeal to the environmental court from an adverse decision upon such appeal under section 4471 of this title.

Pursuant to § 4472(d), moreover,

> upon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 of this title, or to appeal to the environmental court under section 4471 of this title, all interested persons affected shall be bound by that decision or act of that officer . . . and shall not thereafter contest, either directly or indirectly, the decision or act, provision or decision of the panel in any proceeding, including any proceeding brought to enforce this chapter.

The only statutory exceptions to this rule of finality are constitutional challenges to a bylaw provision or municipal plan, 24 V.S.A. § 4472(b), or appeals to the Supreme Court in accordance with the Vermont Rules of Civil Procedure or the Vermont Rules of Appellate Procedure. Id. § 4472(c).

The Supreme Court has addressed the intersection of an ultra vires act on the part of a municipal body with § 4472's finality provisions in Levy v. Town of St. Albans Zoning Bd. of

---

[6] The Town does not assert that this ZA memorandum constituted a formal decision. However, Appellants contend, and the Town concurs, that their appeal to the ZBA was of both the ZA's November 13, 2006 violation determination and this November 3, 2006 memorandum, in which the ZA gave notice of her determination that the already constructed pond violated the applicable setback regulations.

Adjustment. 152 Vt. 139, 143 (1989). There, the Court held that, even when a zoning board exceeds its power, its ruling may not be attacked "at any time in the future" when a timely appeal of the decision was not filed. Id. In Levy, residents of St. Albans attempted to challenge an unappealed zoning board decision years after it was issued through a timely appeal of the board's decision to issue a building permit based on the prior zoning approval. Id. at 140–41. The Supreme Court held that, even if the Board's original decision was ultra vires, "§ 4472 implements a policy of repose" and dismissed the residents' argument. Id. at 143.

Therefore, even though Appellants' application was deemed approved by statute and Regulation prior to the ZA's January 18, 2007 decision denying it, Appellants' failure to appeal the ZA's January 18, 2007 decision rendered that decision final and unassailable pursuant to 24 V.S.A. § 4472. This legal result has a certain unfairness to it, since it seems indisputable that the statutory and municipal "deemed approval" provisions resulted in Appellants' application being granted, only for that permit grant to be vacated by the subsequent but unappealed ZA determination. But particularly in light of the Levy precedent, we feel constrained to reach this legal conclusion.

We therefore must deny Appellants' motion for summary judgment on the issue of deemed approval. The consequences of our determination here are that the Trahans' application for a pond permit is denied and that final determination cannot be contested in this proceeding.

## Applicability of Setback Requirements.

Appellants have also moved for summary judgment that the notice of violation was improper because the Regulations regarding setbacks do not apply to their pond. For the reasons more particularly stated below, we conclude that the applicable setback regulations do govern a small pond such as that built by Appellants.

It is undisputed that Appellants' property is in the Recreation District. According to Table 2.3 of the Regulations, a pond in that zoning district is either a permitted or conditional use, depending on its size. To determine whether Appellants' pond may be classified as a permitted or conditional use, we look to Regulations § 4.11.

No matter what classification is bestowed upon the Trahans' pond, it cannot be disputed that it requires a zoning permit. See Section 4.11(A), which provides that "the construction of a pond shall require a zoning permit in order to protect the lives and property of citizens, the infrastructure of the community, and the health of the natural environment." We read this

5

introduction to § 4.11 as establishing that, to receive permit authority to construct a pond, an applicant must satisfy all relevant provisions of the zoning regulations, including those specifically requiring additional considerations when pond construction is proposed.

Section 4.11 divides ponds into two classes: those impounding less than 100,000 cubic feet of water that do not include a "structural element greater than ten (10) feet" and those impounding more than 100,000 cubic feet of water that include a "structural element greater than ten (10) feet." Regulations § 4.11(B) and (C). It is undisputed that Appellants' pond impounds about 18,000 cubic feet of water, far less that the threshold amount of 100,000 cubic feet for a large pond. Although Appellants claim that the Town has mischaracterized their construction of the berm that established the pond, there is no dispute that the berm is less than ten feet in height. Thus, Appellants' pond is a small pond, governed by Regulations § 4.11(B).

Appellants argue that the pond fully complies with Regulations § 4.11(B) and that there are no dimensional standards applicable to it. The Town argues that, in addition to the requirements of § 4.11(B), the pond must also comply with the setback requirements of Table 2.3(D). We agree with the Town's assertion, as we view § 4.11 as establishing considerations surrounding pond construction that are in addition to, and not in place of dimensional and density standards for the applicable zoning district.[7]

The Town Regulations require that "[a]ll uses and structures, unless specifically exempted under Section 9.2, must comply with all prescribed standards for the district in which they are located . . . ." Section 2.3(A). None of the uses and structures listed in § 9.2 afford an exemption for ponds. Thus, we conclude that when a landowner uses a portion of his property for a pond, he must show conformance with the dimensional standards, as well as the applicable pond standards of § 4.11, before he can obtain a zoning permit for the pond.

Appellants correctly direct us to the additional constraints that a municipality may place on larger ponds. See Regulations §§ 4.11(C) and 5.4(B)(1). As a general rule, a development that is classified as needing "conditional review" rather than as simply being deemed "permitted" garners more detailed scrutiny. See 24 V.S.A. § 4414(3) (discussing permissible additional requirements for obtaining conditional use approval). Such is the case in Fayston, where the

---

[7] The parties focus a great deal of their argument on the issue of whether the pond is a "structure" and thus, subject to the dimensional standards of Table 2.3(D). Yet, these dimensional standards apply to both "structures and uses." Thus, resolution of the pending motion does not mandate a preliminary finding that a pond or berm supporting it is a "structure."

6

conditional use regulations allow the ZBA to "increase" the setback minimums for developments requiring conditional use review. See Regulations § 5.4(B)(1). We decline to follow Appellants' reasoning that because the specific provisions relating to small ponds (Regulations § 4.11(B)) do not contain a specific affirmative statement that small ponds must comply with the general dimensional and density standards for the applicable zoning district (in this case, Regulations Table 2.3(D)), we should imply into § 4.11(B) an exception from such dimensional standards.

The consequence of this legal conclusion is that Appellants' challenge to the ZA's notice of violation has no chance of success in this proceeding. Because we have concluded as a matter of law that Appellants' pond must conform to the dimensional standards of Table 2.3(D), and because it is undisputed that Appellants' already-constructed pond materially encroaches into the sixty-five foot setback area, we can discern no factual basis in the record before us upon which Appellants can successfully challenge the pending notice of violation. Thus, we conclude that it is appropriate here to render summary judgment against Appellants. Such a result is allowed under V.R.C.P. 56(c)(3), when the undisputed material facts and applicable law so warrant.

## **Conclusion**

For the reasons stated above, Appellants' motion for summary judgment is **DENIED** as to both legal questions raised. We further conclude that, even when viewing the facts in a light most favorable to Appellants, the applicable law requires us to conclude that summary judgment must be entered against Appellants in their present challenge to the November 13, 2006 Town of Fayston notice of violation.

A Judgment Order accompanies this Decision. This concludes the appeal proceedings before this Court.

Done at Berlin, Vermont this 10th day of August, 2007.

_____
Thomas S. Durkin, Environmental Judge