STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Three Church Street Municipal Application | } | Docket No. 22-2-06 Vtec |
| (Appeal of Hummel) | } | |
| | } | |

Decision and Order on Motion for Partial Summary Judgment

Appellants Kermit and Barbara Hummel appealed from a January 2006 decision of the Development Review Board (DRB[1]) of the Village of Woodstock, approving an application by The Lauren Group, LLC relating to an inn at Three Church Street in Woodstock. Appellants are represented by Thomas A. Zonay, Esq.; Appellee-Applicants The Lauren Group, LLC and its manager Jack Maiden are represented by Thomes Hayes, Esq.; and the Village of Woodstock is represented by Todd C. Steadman, Esq. A related Act 250 appeal, Docket No. 174-7-06 Vtec, is also pending before the Court.

Appellants have moved for summary judgment on Questions 1, 9, 10, and 11 of their Statement of Questions. The following facts are undisputed unless otherwise noted.

---

[1] The Village also has a Design Review Board, which is advisory to the Development Review Board. As it has the same initials, we refer to the Design Review Board by its full title throughout this decision.

As described in an earlier decision of this Court regarding this property,[2] Appellee-Applicants had acquired the property in 2005, and then applied in April of 2005 to amend the property's 1990 conditional use and site plan approvals (as an inn with a twenty-seat restaurant) to expand seating at the restaurant to 33 seats, to remove a condition prohibiting the service of alcoholic beverages to restaurant guests, to revise the approved parking plan, and to remove two outdoor sheds to accommodate the proposed parking plan. The property is located in[3] an Inn zoning district and within Design Review overlay zoning district.

Docket No. 112-6-05 Vtec was remanded to the DRB due to the flawed warning[4] of the 2005 DRB proceedings, and because the DRB had failed to consider all the conditional use criteria or the criteria pertaining to existing nonconforming uses or noncomplying structures, citing In re Torres, 154 Vt. 233, 236 (1990) (DRB must warn the hearing so as to sufficiently inform the public of the subject matter of the hearing).

The Village of Woodstock adopted new Zoning Regulations on October 24, 2005, which went into effect on November 14, 2005. On November 17, 2005, Appellee-Applicants applied for approval to increase restaurant seating with a corresponding increase in parking; to remove two sheds; to alter an existing fence around the tennis court and remove a fence around the pool; to install a new kitchen vent and intake, with a low screening wall; to seek a liquor license; to remove unneeded vents and chimneys; and to install exterior lighting. The application before the Court therefore must be considered under the new 2005 Zoning Regulations in effect when the new application was filed. That is, the current application is a new application (No. V-2324-05) and not the application that

---

[2] Three Church Street Expansion Permit (Appeal of Hummel), Docket No. 112-6-05 Vtec (October 18, 2005).

[3] As described in a 1997 decision in a superior court case involving this property, Williams v. Village of Woodstock, Docket No. S 168-94 WrC (Windsor Superior Ct., November 28, 1997), the zoning practice in the early 1990s was to rezone individual properties.

[4] Those proceedings had only been warned for design review approval, even though the hearing was held on design review, site plan, and conditional use approval.

was at issue in Docket No. 112-6-05 Vtec. The DRB's approval of the new application is the subject of the present appeal.

Questions 9 and 10

Questions 9 and 10 ask, respectively, whether the hearings on Appellee-Applicants' new application were properly warned under the zoning regulations and whether those warnings "complied with" this Court's October 18, 2005 decision in Docket No. 112-6-05 Vtec.

Two separate notices of hearing were issued and sent by mail to potential parties regarding hearings scheduled on the new application to be held by the Design Review Board on one date and by the Development Review Board on a later date in December of 2005. The text of the first notice was also published in a newspaper as the public warning of the public hearing of the DRB.

The first notice stated in its title that "[t]he Application Is For Cond[itional] use, Site Plan, & D[esign] r[eview] Approv[al]" It listed the elements of the application as being to:

1. increase restaurant seating with [corresponding] increase in parking; 2. remove two sheds; 3. change fence on tennis court, remove pool fence; 4. install new kitchen vent & intake, build low wall; 5. obtain liquor license; 6. remove unneeded vents & chimneys; 7. install exterior lighting

The second mailed notice, not also published in the newspaper, contained the same listing of the elements of the application, but changed the title to add "Non-complying Structure Review" to the other listed types of reviews on the agenda of the DRB.

Section 719 of the 2005 Zoning Regulations requires that any public notice of a public hearing include the date, place, and purpose of the hearing. Even though only the second notice provided to the individual parties specifically mentioned "non-complying structure review," both notices complied with §719 of the 2005 Zoning Regulations, because both notices warned the hearing for conditional use review. Section 710 of the 2005 Zoning Regulations applicable to conditional use review incorporates a reference to §606, which addresses the expansion of existing nonconforming structures or uses. §710(D). The public notice of conditional use review therefore was sufficient to provide notice that the hearings could include issues relating to the expansion of nonconforming

3

structures or uses.  Accordingly, summary judgment must be DENIED to Appellants and GRANTED to Appellee-Applicants regarding Question 9.

On the other hand, with respect to Question 10, because the application was a new application under newly-adopted Zoning Regulations that repealed and replaced the former (2002) Zoning Regulations, the Court's October 18, 2005 decision regarding the former application does not govern the public warnings for the hearings on the new application.  If the new application should be considered under the zoning regulations relating to nonconforming structures or uses, it would be due to a requirement in the 2005 Zoning Regulations as applied to the new application, not because of the Court's October 18, 2005 decision in the previous case.  Accordingly, summary judgment must be DENIED to Appellants and Question 10 must be and is hereby DISMISSED.


Question 11

Question 11 asks whether the new application was considered as a nonconforming use.  Appellants argue that the proposed expansion cannot meet the criteria for conditional use approval under §710 because the property is nonconforming as to setbacks and does not qualify for an exemption as an existing  nonconforming use or structure under §606.  Appellants argue that the property does not qualify for an  exemption under §606 because it was not in compliance with all applicable laws, ordinances, and regulations at the time at which the property became nonconforming as to setbacks.  Appellants argue that the property was not in compliance due to the failure of the then-owner to obtain certain required Act 250 permits.  (Appellants' argument that  a variance could not be granted is beyond the scope of the decision appealed from.)

Material facts are in dispute, or at least have not been provided to the Court in this appeal, as to the history of the property and when it became nonconforming as to the setbacks, and whether it was in compliance with the former setback requirements.  Some of those facts may have been established in Docket No. 112-6-05 Vtec, some may have been the subject of Docket No. S 168-94 WrC, and some may remain in dispute to be established

in the merits of this de novo appeal.  Appellants' motion for summary judgment on Question

4

11 is therefore DENIED as material facts are in dispute for trial.

Question 1

In Question 1 of Appellants' Statement of Questions, Appellants ask whether the zoning permit (No. V-1082-90) issued in 1990 to Eleanor Paine, Appellee-Applicants' predecessor in interest, ever "vested." Appellants assert that the 1990 permit never "vested," because certain conditions required by that permit subsequently were not met or were violated. The 1990 permit was based on a Planning Commission decision dated September 5, 1990, and a Zoning Board of Adjustment (ZBA) decision dated September 25, 1990, neither of which has been provided to the Court in the present appeal; none of the 1990 decisions appears to have been appealed at the time.

The 1990 zoning permit contained fourteen conditions, including Condition 3 (which required all permitted activity to be conducted in compliance with all applicable ordinances), and Condition 4 (which required the permittee to obtain all applicable state permits). Appellants argue that the failure of the current and former owners of the property to apply for or acquire certain state permits, including wastewater system and potable water supply permits and Act 250 permits obtained in 2006, violated Condition 4 so that the 1990 permit never "vested." Appellants also argue that the failure to obtain the applicable State permits until 2006 violated Condition 3, through §707 of the Zoning Regulations which requires permitted work to begin within twelve months and be "thereafter diligently pursued."

Appellants have not shown any provision, either in the present state zoning enabling act or the statute in effect in 1990, or in the present Zoning Regulations or those in effect in 1990, that would retroactively or automatically invalidate a permit whose conditions were violated. A permittee's or successor's failure to abide by the conditions of a duly-issued and unappealed permit might result in enforcement action, either by the municipality or under 24 V.S.A. §4470 by an interested party, but it would not invalidate the permit itself.

The Town has not brought an enforcement action regarding the 1990 permit. Nor did Appellants file an enforcement action under 24 V.S.A. §4470, to enforce the 1990 decisions of the ZBA or the Planning Commission. Moreover, as reflected in this Court's entry order dated October 2, 2006 (regarding Appellants' attempted motion for mandamus

5

or enforcement), issues relating to the Village's decision not to bring an enforcement action for noncompliance with the conditions of the 1990 permit, or relating to the availability of or the statute of limitations applicable to any enforcement action, are beyond the scope of this appeal.

In any event, no party appealed the issuance of the 1990 permit, and it cannot now be challenged, directly or indirectly. 24 V.S.A. §4472. As discussed in Levy v. Town of St. Albans Zoning Bd. of Adjustment,152 Vt. 139, 141–43 (Vt.,1989), "[t]he policy underlying the statute is evident: 'that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril'"(citation omitted). Moreover, even if the 1990 permit were issued in error, nonconforming uses or structures are now defined to include those uses or structures "improperly authorized as a result of error by the administrative officer." §109.

Thus, all that is before the Court in the present case is the de novo consideration, under the November 2005 Zoning Regulations, of Appellee-Applicants' November 2005 application. Appellant's motion for summary judgment on Question 1 is therefore DENIED.

As discussed in the decision issued today in the related Act 250 appeal, Docket No. 174-7-06 Vtec, it appears to the Court from the parties' filings that this de novo appeal and the related Act 250 appeal should proceed to trial as expeditiously as possible to resolve all the issues between the parties remaining after the motion decisions issued today in each case.

Please be prepared to discuss the scheduling of the trial for both cases in a telephone conference scheduled in this matter for January 22, 2006 (see enclosed notice). Based on the parties' representations in the telephone conferences held in both cases previously, the Court also expects to order mediation to occur during the time period between that conference and the scheduled trial date, without any delay in the trial schedule.

Done at Berlin, Vermont, this 3rd day of January, 2007.

6

_____
Merideth Wright
Environmental Judge