**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| Appeal of Yates, <u>et</u> <u>al</u>. | } | Docket No. 158-9-04 Vtec |
| ("Eastview" PRD Amendment Application) | } | |

### Decision on Motion to Dismiss or Motion for Summary Judgment

This appeal arises out of the Town of St. Albans (Town) Development Review Board's (DRB) approval of Appellees Robert and Nancy Cioffi's amendment application to modify the previously approved planned residential development called "Eastview" in St. Albans. The pending amendment application is limited to the Cioffis' request to be allowed to construct a single family residence instead of the approved duplex on Lots 3 and 4 of the otherwise completed Eastview development. Milton H. Yates, Elizabeth A. Yates, and Marsha Leete appealed[1] the DRB approval of the Cioffis' amendment application.

Appellees have filed a motion to dismiss, or in the alternative, for summary judgment, on all seventeen questions of Appellant Yates' Amended Statement of Questions. Appellant Yates opposes Appellees' motion. Appellant is an attorney and represents himself; Appellees are represented by Joseph F. Cahill, Jr., Esq.; the Town is represented by David A. Barra, Esq.

Although Appellees did not file a separate statement of undisputed facts in support of their motion for summary judgment, as required by V.R.C.P. 56(c)(2),[2] they did file the Affidavit of Robert Cioffi; it contains a numbered list of facts Appellees assert are uncontested. We consider this filing to be sufficient for purposes of V.R.C.P. 56(c)(2). Because we look to this and other filings and not simply the Statement of Questions, we address the pending motion as one for summary judgment and not for dismissal. See V.R.C.P. 12(c).

The following facts are taken from Appellees' Affidavit and supporting materials and are not disputed by the filings Appellant has made in opposition to Appellees' pending motion, unless otherwise noted below.

---

[1] Elizabeth A. Yates and Marsha Leete have since withdrawn from the appeal, leaving Milton Yates as the sole Appellant.

[2] V.R.C.P. 56(c)(2) states that "[t]here shall be annexed to the motion [for summary judgment] a separate, short, and concise statement of the material facts as to which the moving party contends that there is no genuine issue to be tried."

## Background

1. Appellees were the owners and developers of "Eastview," a planned residential development ("PRD"), on the north side of Congress Street in St. Albans.

2. Originally, the Eastview PRD contained a total of thirty-two residences, consisting of twelve single family homes, two units containing five townhouses each, and five duplexes.

3. Appellees claim they received approval "in the early 90's" to modify the PRD by replacing the two five-unit buildings with four duplexes, for a total of thirty residences. Appellant disputes that Appellees received zoning approval for this modification. While disputed, this historical fact is not material to the legal issues raised by the pending application or the pending appeal.

4. In 1993, a Declaration was filed in the Town Land Records, identifying The Eastview Planned Residential Development, Inc. as the fee simple owner of the entire development.[3] A copy of this Declaration has not been provided to this Court.

5. The 1993 Declaration contained conditions to which both the Appellees, as original developers, and the current and future homeowners were subject.[4]

6. In 1997, Appellees received approval to modify the Eastview PRD again by replacing one of the duplexes with a single family residence, thereby reducing the total number of units to twenty-nine. A copy of the 1997 zoning approval authorizing this modification has not been provided to the Court either, although the Court does not see this historical fact (whether correct or otherwise) as being of material importance to the pending application and pending appeal.

7. As of 1997, twenty-seven of the Eastview PRD units were completed.

8. On May 18, 2004, Appellees applied for an amendment to the pre-existing site plan approval, so as to allow them to build a single family residence in place of a previously-approved duplex.[5] We hereinafter refer to this as the "new single family residence." At this same time,

---

[3] This fact was established in the Franklin County Superior Court litigation detailed below at ¶18 and was referenced as a basis for the affirmation of the Superior Court judgment in favor of Appellees and against Appellant by the Vermont Supreme Court. See Bouchard, et al., v. Cioffi Real Estate, et al., Docket No. 2006-139 (Vt. Supreme Ct., October 27, 2006) (unpublished mem).

[4] See Bouchard, Docket No. 2006-139, at 1.

[5] The proposed new single family residence would replace the duplex originally identified as units 3 and 4 on the site map filed in connection with the original PRD approval. The revised site plan Appellees filed in connection with the pending amendment application (Exhibit A) identifies the proposed new single family residence as Unit 35. We prefer the former, but occasionally use both references to the proposed new structure.

Appellants also requested a sixteen-foot modification[6] for the side yard setback for where the new single family residence fronts onto Congress Street.

9.      This new single family residence would be located in the south-westerly corner of the Eastview PRD, on the corner of Eastview Drive[7] and Congress Street.  Appellees' Exh. A.

10.      Appellant Yates, with his wife, Elizabeth A. Yates, owns and resides in an Eastview residence, known as Unit 19, which is located on the north-westerly end of the Eastview PRD.

11.      In its August 12, 2004 Decision, which is the subject of the pending appeal, the DRB noted that:  "[t]he first Public Hearing was held on May 27, 2004 and then continued to and considered complete on August 9, 2004."  Cioffi Aff., Appx. B at 2.  It is not clear from this decision or the parties' briefs whether only one hearing was held on May 27, 2004 or whether that was the first of multiple hearings on this application.

12.      Appellant attended the August 9, 2004 hearing and "expressed [his] opposition to the Application . . . and the fact that the property was not in a Residential District as depicted on the plan."  Yates Aff. at 5.

13.      By its August 12, 2004 Decision, the DRB approved Appellees' amendment application for site plan approval to build a single family residence instead of a duplex and noted that the DRB modified the Bylaws in connection with this PRD amendment "to allow construction of [the proposed single family residence] 34' from edge of Congress St. right-of-way within the 50' perimeter."  Cioffi Aff., Appendix B at 2.

14.      On September 9, 2004, Appellant filed his notice of appeal of the DRB Decision with this Court.

15.      Appellant filed a Statement of Questions on October 6, 2004, containing sixty-seven questions, all of which were dismissed by this Court in the May 4, 2005 Decision and Order on Motion to Dismiss or for Summary Judgment (Wright, J.).  However, Judge Wright gave leave to Appellant to file an amended Statement of Questions in accordance with her May 4, 2005 Decision.

16.      In May 2005, Appellant commenced an action in Franklin County Superior Court, seeking declaratory relief regarding, among other issues, the ownership of the "Common Elements" of the Eastview PRD, as well as an adjoining 10.89± acre parcel of land located

---

[6]  Both parties refer at times to this request as a "variance" request.  Whether variance is the proper reference to this setback modification request is discussed in more detail below.

[7]  Eastview Drive is the interior road for the Eastview development.

3

easterly of the Eastview PRD. Appellees, the Town and the Eastview Planned Residential Development, Inc. ("Association")[8] were the named defendants. Appellant also sought injunctive relief to prevent Appellees from asserting that they owned the 10.89± acre parcel.

17. The Association moved for summary judgment against Appellant on all of his claims and prevailed. Appellant then appealed to the Vermont Supreme Court.

18. The Supreme Court affirmed the Franklin County Superior Court's decision in Bouchard, et. al., v. Cioffi Real Estate, et. al., Docket No. 2006-139 (Vt. Supreme Ct., October 27, 2006) (unpublished mem.) (three-justice panel). In Bouchard, the Supreme Court determined, among other things, that (1) Appellees owned all of the "Common Elements" of the Eastview PRD, as well as the adjoining 10.89± acre parcel; (2) they could freely transfer the 10.89± acre parcel, or a further easement thereon, pursuant to the Declaration; (3) Appellant and his Eastview neighbors held an easement over the Common Elements, but not a fee simple interest therein; and (4) the Eastview development is a PRD and not a condominium development.

19. The present appeal, Docket No. 158-9-04 Vtec, was stayed during the pendency of the Supreme Court appeal.

20. Following the Supreme Court's decision in Bouchard, Appellant filed an Amended Statement of Questions in this appeal on December 15, 2006. This represents the third Statement of Questions Appellant has filed in this proceeding.

21. On January 5, 2007, Appellees executed a Quitclaim Deed conveying to the Association their interest in the "Common Elements" of the Eastview PRD, but not including the 10.89± acre parcel or the lot upon which the new single family residence is proposed to be built.

## Discussion

Appellees have filed a motion to dismiss, or for summary judgment, on each of the seventeen questions of Appellant's Third Amended Statement of Questions. As a threshold matter, it is worth noting the different standards governing a motion to dismiss and a motion for summary judgment. When considering a motion to dismiss, we rely only upon the facts as stated in the Statement of Questions. See Alger v. Dep't of Labor and Indus., 2006 VT 115, ¶12. In reviewing a motion to dismiss, "we consider whether, taking all of the nonmoving party's factual allegations as true, it appears beyond doubt that there exist no facts or circumstances that would

---

[8] It appears from the record referenced in the Supreme Court Bouchard Decision that this entity operates as the homeowners association for the Eastview Development and is now the record title owner of the Common Element lands and improvements.

entitle the plaintiff to relief." Id. (internal quotations omitted) (quoting Amiot v. Ames, 166 Vt. 288, 291 (1997)).

Summary judgment, on the other hand, is appropriate only if the pleadings, affidavits, and other evidence submitted to the Court "show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3); see In re Hildebrand, 2007 VT 5, ¶9 (2007). On summary judgment, the non-moving party is entitled to "the benefit of all reasonable doubts and inferences." Montgomery v. Devoid, 2006 VT 127, ¶28.

## Interested Person Status Under 24 V.S.A. § 4465(b)

Appellees first argue that Appellant is not an interested person because his property is not immediately adjacent to the proposed new single family residence. In response, Appellant filed an Affidavit in which he states that he lives on the same street as the proposed new residence. Furthermore, in his affidavit, Appellant states that he participated in the DRB proceeding below by speaking at the hearing against Appellees' application. Finally, Appellant has expressed concerns regarding what the Unit 35[9] structure will look like, how it will be situated on the lot, and whether it will contain a garage. Id.

A party who wishes to appeal to this Court from a municipal land use determination must be an "interested person" who has "participated in [that] municipal regulatory proceeding." 24 V.S.A. § 4471(a). An "interested person" is defined as "[a] person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4465(b). We conclude that Appellant meets both procedural requirements and therefore has standing to file this Environmental Court appeal.

To determine what constitutes the "immediate neighborhood, this Court must examine not only the proximity of the challenged party's property to the project on appeal, but also whether their property potentially could be affected by any aspect of the project which have been preserved for review on appeal." A. Johnson Co. Conditional Use Permit, Docket No. 130-7-05

---

[9] Appellees identify the proposed new single family residence on their revised site plan (Exhibit A) as Unit 35. As noted above, it is located on the southwesterly corner of the entrance to the Eastview PRD. Although Appellant does not say as much, we presume that he will travel past it whenever he enters or leaves the Eastview PRD.

Vtec, slip op. at 3 (Vt. Envtl. Ct., Mar. 28, 2006) (citing, e.g., In re Appeal of Stanak and Mulvaney, Docket No. 101-7-01 Vtec (Vt. Envtl. Ct., Oct. 15, 2001)). Here, Appellant owns and resides in one of the developed properties in the Eastview PRD. Although his unit is not immediately adjacent to Unit 35, we cannot see the basis for disputing that he resides in the "immediate neighborhood." This rather low procedural threshold is all that § 4465(b) requires. Furthermore, Appellant raised concerns in his brief about the appearance and design of Unit 35, criteria which we must review under § 303(1) of the Town of St. Albans Zoning Bylaws and Subdivision Regulations (Bylaws). Finally, it is undisputed that Appellant participated in proceedings before the DRB. We therefore conclude that Appellees' assertion that Appellant cannot be considered an "interested person" entitled to appeal is not supported by the undisputed facts in this case.

**Environmental Court Jurisdiction and the Scope of This Appeal**

The Environmental Court is a court of limited jurisdiction. 4 V.S.A. § 1001(b). Thus, to survive a motion to dismiss or for summary judgment, the issues an appellant seeks to litigate here must rest on one of the jurisdictional authorizations set forth in § 1001(b).

In municipal appeals such as this, the Court conducts a de novo proceeding on the application that was considered below. 24 V.S.A. § 4472(a). The substantive scope of this appeal is no broader than the scope of the application before the DRB. In re Torres, 154 Vt. 233, 235 (1990). Here, Appellees applied for an amendment to their pre-existing site plan approval, limited to the question of whether they may construct a single family residence instead of the originally-permitted duplex. Our review in this appeal is therefore limited to the conformance of the proposed single family residence with the applicable Bylaw provisions, as well the impacts, if any, that the conversion of the originally permitted duplex to a single family residence may have on the surrounding area.

Appellees have moved to dismiss several questions on the basis that they are impermissible collateral attacks on previous DRB approvals and are therefore outside the scope of this appeal. Question 8 asks "[w]hether the next-most-previous site plan amendment (deleting the five-unit buildings and replacing them with two-unit buildings) was properly approved or recorded or became final and whether it may or may not be challenged, direct or indirectly, in the present appeal." Question 9 asks whether a subdivision plat recorded in the Town's Land Records is the plat that was previously approved for the original Eastview PRD.

6

Section 4472 of Title 24 provides that the "exclusive remedy" of an interested person with respect to any decision or act of a municipal body is an appeal to the appropriate panel under § 4465 and, subsequently, to the Environmental Court under § 4472. This rule of finality precludes an interested person from collaterally attacking an earlier act or decision of a DRB after the time for appeal has passed. Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989). To the extent that Appellant is correct that the Appellees did not obtain an amendment to authorize the prior conversion of the five-unit buildings to duplexes, the proper remedial action would be a municipal or private enforcement action under 24 V.S.A. §§ 4451 and 4470(b). It is not, however, a proper issue in this appeal. See also Rule 3(8) of the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.).

Here, previous decisions of the DRB granting site plan approval for either the original Eastview PRD itself or any amendments to the PRD are final and cannot now be collaterally attacked. This is true regardless of the propriety of the original decision. In re Tekram Partners, 178 Vt., 628, 630-631 (2005) (noting that Court has "strictly enforced" exclusivity-of-remedy provision to ensure timely review of all zoning disputes). As this Court stated in its May 4, 2005 Decision and Order in this case, any issues Appellant now seeks to raise related to the propriety of prior zoning approvals are outside the scope of this appeal. Not having those prior decisions before the Court makes it difficult to determine what specifically was permitted in the original 1993 approval or the 1997 amendment. However, because Appellant has failed to connect his complaints with the application now before us, we cannot discern how Questions 8 and 9 are within the present jurisdictional authority of this Court. We therefore conclude that these two questions are beyond the scope of our present review and dismiss both.

Questions 10 and 17 raise the issue of whether the ownership and/or transfer of the 10.89± acre parcel are subject to review by this Court. Any issues related to the 10.89± acre parcel are outside the scope of this appeal for two reasons: first, because this appeal is limited to the application for site plan approval for an amendment to the PRD regarding Unit 35, and second, because the Supreme Court determined in Bouchard that Appellees retained fee simple ownership of the parcel and could freely convey it or an easement therein. Bouchard, Docket No. 2006-139, at 3–4; see also discussion, infra p. 9. We therefore conclude that Appellees' motion must be granted with respect to Questions 10 and 17.

Questions 14 and 15 concern the maximum density requirement for a PRD pursuant to 24 V.S.A. § 4407(3)(B) and Bylaws § 417(3), which both allow for up to a twenty-five percent increase in density over and above the applicable district's density maximum. Question 14 asks whether the unit density formula was properly applied to "an 11-acre (±) parcel of land in the Rural District." Question 15 asks whether the unit density formula "included the 10.89-acre portion under the Rural District of the Bylaws and the amendment to the PRD."

Pursuant to 24 V.S.A. § 4407(3)(B)(2004)[10] and Bylaws § 417(3), municipalities are entitled to modify the requirements of their zoning regulations for a PRD, to allow clustering of development more than would normally be permissible. However, they cannot do so if it would increase density by more than twenty-five percent above the maximum density permitted in the relevant zoning district. 24 V.S.A. § 4407(3)(B).

Appellees argue that Questions 14 and 15 should be dismissed because of the limited nature of this appeal, which solely concerns the review of the amendment application now before us. We agree, but for a different reason. This appeal is de novo, as this Court previously advised the parties in its decision of May 4, 2005. Thus, the propriety of the DRB's actions is not what is under review before this Court. Our review is limited to the issues raised by Appellees' amendment application. That amendment in no way seeks a modification of the lot sizes or density which were previously approved; it seeks merely to replace a permitted duplex with a single family home. Thus, the density for this development is being reduced by the pending amendment application, not increased.

Although Appellant has been given numerous opportunities to amend his Statement of Questions to frame the issues in accordance with the Court's de novo role, he has failed to do so with respect to these two Questions. Moreover, both questions are phrased too broadly for the Court to decipher what Appellant seeks. If it is a review of the DRB's original approval of the density and layout characteristics of this PRD development, Appellant's Questions 14 and 15 are improper attempts to relitigate a final decision, as discussed above. 24 V.S.A. § 4472.

Finally, even if we could decipher which DRB decision Appellant was referring to in Questions 14 and 15, the application on appeal seeks to decrease (rather than increase) the density of the Eastview PRD, which would not give rise to any claim under Bylaws § 417(3).

---

[10] Because the pending application predates the effective date of the Permit Reform Act of 2004 that generally amended Chapter 117 of Title 24, 24 V.S.A. § 4407(3)(2004) controls this proceeding.

We are left to wonder what Appellant seeks to review by his Questions 14 and 15 and have no offer from him as to how the review sought relates to the limited aspect of the pending amendment application. Given this absence of clarity in Questions 14 and 15, we feel compelled to grant dismissal of these Questions as well.

**The Effect of the Supreme Court's Bouchard Decision**

Appellant's Questions 1 and 3 ask whether the Vermont Supreme Court's decision in Bouchard, et al., v. Cioffi Real Estate, et al., Docket No. 2006-139 (Vt. Supreme Ct., October 27, 2006) determined the ownership of the 10.89± acre parcel. Appellant's Question 2 raises a similar issue, essentially asking this Court to interpret the Supreme Court's Bouchard decision. Question 6 asks whether Bouchard is precedent in this appeal. With respect to all of these Questions, Appellant appears to argue that this Court is not bound by the Supreme Court's decision in Bouchard. We disagree, at least to the extent that the final determinations in Bouchard are determinative of the facts or legal issues raised in this appeal.

As an initial matter, we note that the Bouchard Decision itself states that it is "not to be considered as precedent before any tribunal." However, we need not reach the issue of how and to what degree the holding in Bouchard affects this appeal for the following reasons. First, Bouchard concerns a property ownership dispute related to the "Common Elements" and the separate 10.89± acre parcel. Such properties are not at issue in this appeal. Furthermore, as we have discussed above, this Court does not have jurisdiction to decide any issues outside its limited jurisdiction concerning the scope of the present amendment application. Declaratory pronouncements as to the propriety of the Supreme Court's ruling on the property ownership issues addressed in Bouchard are far beyond this Court's limited jurisdiction. Finally, as discussed above, the 10.89± acre parcel, and any issues related to it, are also wholly outside the scope of this appeal. Appellant's Questions 1, 2, 3 and 6 fail to state a claim upon which this Court can grant relief. We must therefore dismiss these Questions as well.

**Issues Related to "the HOA"**

Appellees have also moved to dismiss Question 4 of Appellant's Statement of Questions, which asks whether the Eastview PRD Homeowners' Association (HOA) is a necessary co-applicant because the proposed single family residence will "encroach[] into the PRD common elements." In support of their motion, Appellees state that, at the time they applied for site plan

9

approval, they were the record owners of "the property" and they were the only proper applicants before the DRB.  Appellees further state that, "to avoid any issue or question," the HOA "approved the application."  We need not reach these issues.  Rather, we conclude that Question 4 is premised upon a misstatement revealed by the undisputed facts.

The proposed new single family residence will be sited on one lot that encompasses what were two lots upon which the previously-approved duplex would sit.  No exterior boundaries will be changed,[11] as is shown by a comparison of the approved site plan (Exhibit B) and the proposed amended site plan (Exhibit A).

Appellant's proposal to adjust the PRD setback adjoining Congress Street may be the source of the confusion that gave rise to Appellant's Question 4.  But we see no evidence in the record before us to support Appellant's assertion in Question 4 that the pending amendment application will "encroach" onto the Common Elements.  The proposed new single family residence respects the 50' setback of the original PRD permit along the boundary that adjoins the interior road that is a part of the Common Elements.  There being no factual foundation for the assertion upon which Question 4 is based, we must dismiss that Question well.

Appellant's Question 5 raises the related issue of whether the HOA should have been given notice by Appellees of the DRB hearing on the application for site plan approval.  Appellees respond that they provided notice to the HOA.  Appellees have also attached signed statements of several abutting unit owners acknowledging receipt of notice of the application and a copy of the DRB decision reflecting that notice was published in the St. Albans Messenger and posted at the St. Albans Bay Post Office and in the Town Hall.  Appellant has failed to provide any facts refuting Appellees' representations as to notice.  Summary judgment must therefore be granted for Appellees and against Appellant as to Question 5.

**The Identity of the Applicants**

Appellant's Question 7 asks "[w]hether the Appellees-Applicants' application meets the requirements of the Town Zoning Bylaws (Bylaws) as to the identity of the applicants."  Appellees have moved to dismiss this Question, arguing that at the time of their application for site plan approval, Appellees were the "record owners" of the parcel and that they gave adequate

---

[11]  Meaning the exterior boundaries running along the public highway known as Congress Street and the Eastview interior road.  It does appear that an adjustment is proposed to the previous common boundary between the Unit 33/34 lot and the proposed Unit 35 lot (compare Exhibit B to Exhibit A).  There does not appear to be any boundary line adjustment such that the Unit 35 lot will encumber or take away from the Common Elements.

10

notice to adjoining unit owners and the HOA. However, from Appellant's Brief, it appears that the issue he seeks to raise in Question 7 was the legality of the signature on the application.

Appellant asserts in his Brief that someone other than Appellee Robert Cioffi signed the application form on his behalf. In support of his assertion, Appellant attached several samples of what he alleges are Mr. Cioffi's signature on other documents. While the signature on the application appears different from Mr. Cioffi's purported signature on several documents attached to Appellant's opposition brief as Exhibits 2, as well as on Mr. Cioffi's Affidavit, we cannot discern the material impact of this discrepancy on the pending application or the pending appeal. Mr. Cioffi, both in his Affidavit and through his counsel, speaks in support of the pending application and represents it as his own. By his affirmations, Mr. Cioffi shall be bound by the representations made in support of the applications. To confirm this, we will direct that Mr. and Mrs. Cioffi submit an affidavit confirming that the application was either signed by one of them or by someone on their behalf, and that the representations made therein are made on their behalf. With this additional safeguard, we see no issue to adjudicate under Question 7 and will therefore dismiss it.

**Procedural Issues at the DRB Level**

Appellant's Question 13 raises an issue of whether "the amendment procedure was properly followed," presumably by the DRB, although Appellant does not clearly so state. Appellees argue, in a somewhat circular manner, that this question should be dismissed because proper procedure was followed by the DRB and because this Question does not "articulate any issues which Mr. Yates can properly raise before the Court." Appellees' Brief, at 7. In his Brief, Appellant does not dispute that proper procedures were followed, but argues that there was no architectural information submitted with the site plan, which could result in Appellees being allowed to construct an "ugly duckling" unit that would not conform with the existing PRD.

In general, this Court does not examine the procedures followed at the DRB level unless there is a claim that invokes a constitutional concern. In re JLD Properties – Wal-Mart St. Albans, Docket No. 132-7-05 Vtec, slip op. at 5 (noting that, while claims of procedural error are generally disregarded in de novo appeals, this Court has "an obligation to protect the due process rights of persons appearing before municipal panels"). Here, the only concern Appellant raised with respect to procedure — the DRB's failure to consider the appearance of the new Unit 35 — does not rise to a constitutional level. In any event, this appeal is de novo, requiring this Court to

11

fully evaluate the merits of Appellees' application, including details about the appearance of the structure. See Bylaws § 303(1)(B). In this light, we will not evaluate the propriety of the procedures followed by the DRB.

**Issues Related to the Application**

Appellees have moved to dismiss, or in the alternative, for summary judgment on Questions 11, 12 and 16 of the Statement of Questions, all of which relate, in varying degrees, to the application on appeal. Question 11 asks "[w]hether the location of the new Building #35 encroaches 16 feet into the 50-foot PRD perimeter set back, which was not previously approved." Appellees argue that this Question should be dismissed because it is an impermissible collateral attack on the previously-approved PRD setback. To the extent that Question 11 represents an attack on a previously approved setback, summary judgment in Appellees' favor is appropriate. As noted above, this Court cannot revisit the propriety of previous, unappealed DRB determinations, including setback determinations.[12] See Levy, 152 Vt. at 142.

However, the question of whether the new Unit 35 would encroach further into the previously-approved setback is one that we cannot resolve on summary judgment because the necessary facts have not been provided. Therefore, Appellees' motion cannot be granted as to Question 11.

Appellant's Question 12 asks whether a requested variance for the new Unit 35 authorizing the sixteen foot encroachment "was properly applied to the PRD." In this de novo appeal, we do not review the propriety of the DRB's decision, rather we review all of the evidence admitted at trial in light of the applicable municipal standards. 24 V.S.A. § 4472(a). Thus, we do not review whether the DRB should have granted a variance in this instance, but rather whether a reduction in the setback is permissible under the Bylaws.

We also note that while both parties have used the term "variance" in the context of Question 12, they appear to do so in error. Appellant's request to reduce the setback must be viewed in the context of the pending application. Since the application seeks to amend the approved PRD, we look to the municipal regulations and state statutes governing planned

---

[12] It appears from Bylaws § 417(4) that, whenever a PRD is approved, any modifications to the zoning regulations made in connection with the approval "shall be noted in a report" and, together with the approved proposal, the report shall be "submitted to the Administrative Officer." We have not received a copy of any reports or previous approvals in connection with Appellees' motion, but in any event, we do not need them to rule upon the motion.

12

residential developments: Bylaws § 417 and 24 V.S.A. § 4407(3)(2004). Those provisions generally allow for the "modification of zoning regulations," including setback limitations, so as to "promote the most appropriate use of land," among other stated goals of PRD developments. Thus, the pending question is whether a sixteen-foot reduction in the front yard setback should be permitted for Appellees' proposed new single family residence under Bylaws § 417, not whether Appellees have satisfied the more rigorous five-part test of Bylaws § 305(5) and 24 V.S.A. § 4468(A)(2004) for permissible variances.

Question 16 raises the issue of whether "symmetry or architectural or aesthetic conditions" may be imposed on Unit 35. Appellees argue that their request was "for a single family home from a previously approved duplex." They argue that all "previous approvals" for the PRD, together with the Act 250 permit governing the PRD, govern the design of the proposed Unit 35 and since Appellees did not request any change to the architectural or aesthetic conditions of those prior approvals, these issues are outside the scope of this appeal. While this may, eventually, be true, our analysis does not end there.

Pursuant to Bylaws § 303(1),[13] an application for site plan approval shall contain detailed information regarding, among other things, the contour features of the site; proposed improvements; building information (including features, elevations and floor plans); watercourses, if applicable; landscaping (including materials intended to be used); period of time to complete improvements; cost estimate of improvements; estimate of daily and peak hour traffic generation expected; drawings showing on-site circulation; and any other information reasonably required to evaluate the application. Bylaws § 303(1)(A)–(I). Appellant's Question 16 essentially raises the issue of what the proposed Unit 35 will look like and whether it will blend with the existing PRD or be an "ugly duckling" unit.

From the site plan Appellees submitted to the Court, it is impossible to determine the specific characteristic of the proposed new single family residence, how it compares with the approved duplex and whether it warrants positive findings under the Bylaws § 303(1) criteria. Therefore, the issue of whether the proposed new residence can be approved must await resolution at trial. Thus, we cannot grant Appellees' request that Question 16 be dismissed.

---

[13] Given that the pending application relates to the development of a single family home, we leave it to the parties to argue at trial or prior thereto as to whether Bylaws § 303 exempts the pending application from the need for site plan approval. While § 303 specifically exempts single family homes from site plan approval, the pending application is for an amendment to the previously approved PRD.

## Conclusion

For the reasons stated above, Appellees' motion for summary judgment is **GRANTED** with respect to Questions 1, 2, 3, 4, 5, 6, 7, 8, 9 10, 13, 14, 15 and 17 and **DENIED** with respect to Questions 11, 12 and 16. The dismissal of Question 7 is conditioned upon Mr. and Mrs. Cioffi submitting an affidavit within the next 30 days, confirming that the application was either signed by them or by someone on their behalf, and that the representations made therein are accurate.

Done at Berlin, Vermont this 17th day of April, 2007.

_____
Thomas S. Durkin, Environmental Judge