**In re Frank TAHMOUSH (Roger and JoAnn Goodspeed, Appellants)**

[811 A.2d 199]

No. 01-481

August 14, 2002. Petitioners Roger and JoAnn Goodspeed appeal a decision by the Vermont Environmental Board dismissing their claim seeking revocation of landowner Frank Tahmoush's land use permit for lack of standing. The Board held that petitioners were not "adjoining property owners" as defined by Environmental Board Rule (EBR) 2(R). Petitioners therefore lacked standing under EBR 38(A), which identifies parties able to bring a revocation action. We affirm.

On April 19, 1999, the Environmental Board granted landowner a permit to develop a property in the Quechee Lakes community. Petitioners, also residents of Quechee Lakes, own a property that sits across a fifty-foot greenbelt from landowner's proposed development. In June 2001, petitioners sought an order from the Environmental Board revoking landowner's permit pursuant to EBR 38(A), 6 Code of Vermont Rules 12 003 001-33. EBR 38(A) states that a "petition for revocation of a permit under 10 V.S.A. § 6090(c) may be made to the board by . . . any adjoining property owner whose property interests are directly affected by an alleged violation." As such, to have standing in a revocation petition, an individual must be an "adjacent property owner" and must have property interests that are directly affected by an alleged violation. Before the Board, petitioners represented that they were adjoining property owners with property affected by landowner's alleged violations, and therefore met the threshold standing inquiry.

Environmental Board rules define an "adjoining property owner" as one who owns property that:

1. shares a boundary with a tract of land where a proposed or actual development or subdivision is located[;] or

2. is adjacent to a tract of land where a proposed or actual development or subdivision is lo-

cated and the two properties are separated only by a river, stream, or a public highway.

EBR 2(R), 6 Code of Vermont Rules 12 003 001-11. The Board held a hearing to determine whether or not petitioners satisfied these requirements and found that petitioners' property does not share a boundary with landowner's proposed development. Further, the Board found that the properties are not separated by a river, stream or public highway. Instead, it found that a privately owned greenbelt separates the two properties. Because properties separated by a greenbelt are not "adjoining" under EBR 2(R), the Board held that petitioners are not "adjoining property owners." Petitioners thus failed to meet the threshold standing requirements of EBR 38(A) to bring a revocation petition, and the Board dismissed their claim. Petitioners brought this appeal.

Petitioners argue that the Board's decision to deny standing was unreasonable and irrational. They contend that the Board should have included properties separated by greenbelts in the definition of "adjoining" because their exclusion leads to an unjust result in petitioners' case. Petitioners urge this Court to construe EBR 2(R)(2) to include properties separated by greenbelts in the definition of "adjoining," thus allowing them to have standing in their matter before the Board.

We conclude that the Environmental Board properly held that, petitioners lacked standing for their claim. We note that petitioners do not contest that a greenbelt separates the properties. Instead, petitioners argue that properties separated by a greenbelt should be included in the definition of "adjoining." The Board noted in its findings, however, that the parties did not properly address this argument at the hearing or in their briefs to the Board. Because plaintiffs did not raise this issue before the Environ-

532

mental Board, we decline to address it on appeal. See *In re White*, 172 Vt. 335, 342-43, 779 A.2d 1264, 1270-71 (2001). Thus, we find that the Environmental Board correctly found that petitioners are not "adjoining property owners" under EBR 2(R). Under EBR 38(A), therefore, they lack standing to bring a revocation petition before the Board.

*Affirmed.*

Motion for reargument denied September 27, 2002.