STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Melissa Whitmore and David Whitmore, | } | |
| Plaintiffs, | } | |
| | } | |
| v. | } | Docket No. 18-1-09 Vtec |
| | } | |
| Thomas Phillips, Kimberly[1] Phillips, | } | |
| Fuller Sand and Gravel, Inc., | } | |
| Town of Wallingford, William Brooks, | } | |
| William Lohsen and Amy Loomis, | } | |
| Defendants. | } | |
| | } | |

### Decision and Order on Motions to Dismiss

Plaintiffs Melissa Whitmore and David Whitmore brought an action pursuant to 24 V.S.A. § 4470(b) and V.R.E.C.P. 3(9) against Defendants. Plaintiffs are represented by Christopher Larson, Esq.; Defendants Thomas Phillips and Kimberly Phillips are represented by Frank H. Langrock, Esq.; Defendant Fuller Sand and Gravel, Inc., is represented by Rodney E. McPhee, Esq. and Michael A. Stahler, Esq.; and Defendants Town of Wallingford, William Brooks, William Lohsen and Amy Loomis (the Municipal Defendants) are represented by Philip C. Woodward, Esq. and Marikate E. Kelley, Esq. (The Town is represented by John S. Liccardi, Esq. in a related matter in this Court, Docket No. 268-11-08 Vtec.)

The Complaint alleges three counts, entitled, respectively, "Injunctive Relief," "Fraudulent and Improper Representation and other Wrongful Conduct," and "Civil

---

[1] Due to the formatting of the complaint, which had "Thomas Phillips, Kimberly" as its first line of the list of Defendants, the Court staff originally docketed this matter as Whitmore v. Kimberly; the caption has been corrected.

1

Conspiracy." Defendants have moved to dismiss all counts in the complaint.

The Vermont Environmental Court has jurisdiction specifically allocated by statute. 4 V.S.A. § 1001. That jurisdiction has expanded over time, and includes many types of cases initiated by a notice of appeal, see generally 10 V.S.A. Chapter 220, and a few types of cases initiated by the filing of a complaint, see generally V.R.E.C.P. 3(1)–(8), or by an administrative enforcement order, see generally 10 V.S.A. Chapter 201. Injunctive relief, contempt, and other similar judicial enforcement authority is available to the Court in cases properly within its jurisdiction. However, none of the statutes provides for money damages to private parties, as contrasted with, e.g., 10 V.S.A. § 8010(b)(7) (allowing the Court to include in a penalty amount the state's actual costs of enforcement).

Enforcement of the state environmental statutes and Act 250 lies solely with the Vermont Agency of Natural Resources (ANR) on behalf of itself or the Land Use Panel of the Vermont Natural Resources Board. 10 V.S.A. §§ 8003, 8004. There is no citizen suit provision for individuals to bring direct enforcement of those statutes,[2] although such parties may be granted party status in an enforcement case brought by the ANR. 10 V.S.A. § 8012(d). Petitions to revoke an Act 250 permit may be brought in Environmental Court. Compare 10 V.S.A. § 6090(c) (repealed 2005), with 4 V.S.A. § 1001(b) and V.R.E.C.P. 3(1); see also In re Tahmoush, 174 Vt. 530, 531 (2002) (mem.); In re Twin State Sand & Gravel, Inc., Permits # 3W0711, 3W0711-EB, 3W0711-2 (Revocation), Findings of Fact, Conclusions of Law, & Order, at 1, 15–16 (Vt. Envtl. Bd. Aug. 27, 2002).

To the extent that the Complaint alleges violations of the Town's Act 250 permit

---

[2] See Section 4 of H. 259, 2007 Sess. (Vt. 2007) (introduced but not enacted) (proposing a new Chapter 215 of Title 10, to provide a cause of action for public enforcement of environmental laws, specifically including damages in proposed 10 V.S.A. § 8305), available at
http://www.leg.state.vt.us/docs/legdoc.cfm?URL=/docs/2008/bills/intro/H-259.HTM

for its adjacent property, such allegations must be pursued with the ANR or Land Use Panel; actions to enforce Act 250 permits cannot be brought directly by a private plaintiff under the statutes giving jurisdiction to this Court.

Plaintiffs also seek reimbursement for their expenses incurred in opposing Defendant Phillips' application for an Act 250 permit before the District Commission. This Court does not have any general supervisory authority of matters before the District Commissions, it has only appellate jurisdiction over appeals properly taken from District Commission decisions. Similarly, to the extent that the Complaint alleges that Defendants Phillips made false statements in their application for a stormwater general permit, such allegations must be pursued with the ANR; they also cannot be brought directly by a private plaintiff under the statutes giving jurisdiction to this Court.

### 24 V.S.A. § 4470(b)

By contrast, 24 V.S.A. § 4470(b) does allow individuals to bring direct enforcement actions for the enforcement of decisions of municipal development review boards (or zoning boards and planning commissions in those towns that do not have a combined board). However, it is important to understand that 24 V.S.A. § 4470(b) does not provide for individuals to bring direct enforcement actions for asserted violations of zoning ordinances. Such actions must be brought by the municipality under 24 V.S.A. §§ 4451 and 4452. Section 4470(b) is limited to bringing enforcement actions, whether against private parties or against municipalities, to enforce decisions of a zoning board of adjustment (ZBA), planning commission, or development review board (DRB).

The Complaint refers to two municipal permits as having been issued, one in 2006 by the then-ZBA, and one in 2007 by the Zoning Administrator. Permit No. 06-45 was approved by the then-ZBA in 2006, allowing the Town's gravel pit to be expanded onto the Phillips' property; it was not appealed to this Court, and became final.

3

However, the Complaint does not seek any enforcement of it, and, in any event, that project did not receive Act 250 approval.

Permit No. 07-43 was issued by the Zoning Administrator on October 24, 2007, approving the subdivision of the Phillips' property into three lots. It was not appealed to the ZBA or DRB, and therefore also became final, but does not constitute a decision of the ZBA or DRB. Regardless of whether the application for it was complete or whether the Zoning Administrator had authority to issue it, it cannot now be challenged, either directly or indirectly. 24 V.S.A. § 4472(d); see In re Ashline, 2003 VT 30, ¶¶ 10–11, 175 Vt. 203; Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989) (citing Graves v. Town of Waitsfield, 130 Vt. 292, 295 (1972)); In re Blood Deck, No. 154-7-07 Vtec, slip op. at 7–8 (Vt. Envtl. Ct. July 31, 2008) (Wright, J.) (citing Levy, 152 Vt. at 143).

Although it cannot now be challenged, Permit No. 07-43 may be enforced according to its terms. See Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288, 292–93 (1981); In re White 5 Lot Subdivision, No. 265-12-05 Vtec, slip op. at 6 (Vt. Envtl. Ct. Mar. 19, 2007) (Wright, J.). The Zoning Administrator's decision not to take enforcement action was properly appealed to the DRB and to this Court, and is the subject of Docket No. 268-11-08 Vtec. If Plaintiffs' argument is that site work extending to removal of the knoll shown on the site plan for the subdivision was not applied for and is therefore not authorized by Permit No. 07-43, Plaintiffs will be free to raise it in Docket No. 268-11-08 Vtec, within the scope of Question 1 of their Statement of Questions.

Because the Complaint in the present case does not allege any decision of the former ZBA or the present DRB that is sought to be enforced, there is therefore no jurisdiction of this case under 24 V.S.A. § 4470(b).

4

<u>V.R.E.C.P. 3(9)</u>

Plaintiffs also argue that this Court has jurisdiction under V.R.E.C.P. 3(9). V.R.E.C.P. 3 provides that the listed actions within the original jurisdiction of the Environmental Court are to be commenced and conducted as civil actions under the Vermont Rules of Civil Procedure, so far as those rules are applicable and as modified by V.R.E.C.P. 2(b)–(e). Under V.R.E.C.P. 3(9), "any other original action concerning a subject matter within the jurisdiction of the Environmental Court, in which the relief sought is not available under other provisions of" the Vermont Rules for Environmental Court Proceedings or under subsections (1)–(8) of V.R.E.C.P. 3, may be brought by this procedure.

By referring to matters "within the jurisdiction of the Environmental Court," V.R.E.C.P. 3(9) makes clear that it simply provides the correct procedure for original actions not otherwise listed in V.R.E.C.P. 3(1)–(8), regardless of whether such original actions already exist but were missed when the V.R.E.C.P. were being drafted, or whether such original actions were to be added to the Court's jurisdiction in the future. Nothing about V.R.E.C.P. 3(9), nor, indeed any procedural rule, can expand this Court's subject matter jurisdiction into areas not assigned to it by statute. See 4 V.S.A. § 1001. V.R.E.C.P. 3(9) does not confer jurisdiction on this Court that it does not already have under the various statutes applicable to it.

<u>March 20, 2009 hearing</u>

The hearing for injunctive relief scheduled for March 20, 2009, is therefore unnecessary, as the underlying Complaint is being dismissed. However, given the history of this case, we will use a portion of the reserved time to hold an in-person conference regarding Docket No. 268-11-08 Vtec at the Rutland Superior Court, to make sure that all of the parties have the same understanding of the scope of that appeal and the jurisdiction of the Environmental Court in relation to that appeal, in advance of

5

their proceeding with mediation already ordered in that matter. Please feel free to bring to the conference any plans or other materials relating to the case as Judge Wright will not have the Environmental Court file with her at that conference. At the conference, the parties also should be prepared to discuss whether any motions are anticipated to be filed with respect to the amended Statement of Questions.

The Court also proposes to transfer the attachments filed with the Complaint from Docket No. 18-1-09 Vtec to Docket No. 268-11-08 Vtec, to avoid unnecessary photocopying of documents in the remaining case. Please note, however, that neither the zoning nor the subdivision regulations has yet been filed with the Court.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Motions to Dismiss are GRANTED, concluding this case and cancelling the hearing scheduled in this case. An in-person conference in Docket No. 268-11-08 Vtec has been scheduled to commence at 10:00 a.m. on the same date and at the same location (see enclosed notice).

Done at Berlin, Vermont, this 12th day of March, 2009.

_____
Merideth Wright
Environmental Judge

6