**State of Vermont**
**Superior Court—Environmental Division**

==============================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================

**In re Blake -  Lake Dunmore Declaratory Judgment**                      **Docket No. 153-10-11 Vtec**

Title: Motion for Summary Judgment (Filing No. 1)
Filed: January 11, 2012
Filed By: Plaintiff Jonathan Blake

Response in opposition filed on 2/14/12 by Defendant Town of Salisbury
Reply filed on 3/8/12 by Jonathan Blake

___ Granted                     _X_ Denied                     ___ Other

Jonathan Blake ("Plaintiff") sought approval to tear down and replace his single-family home located at 2709 Lake Dunmore Road in the Town of Salisbury, Vermont ("the Town").  On November 24, 2008, Plaintiff filed a zoning permit application with the Town of Salisbury Zoning Administrator ("the ZA"), in which he described his proposed project as "Rebuilding/replacing house at 2709 Lake Dunmore Rd.   IE [sic] tear down/replace approximate size 26 x 32."   (Plaintiff's Statement of Undisputed Material Facts, Ex. A, filed Jan. 11, 2012.)   It is unclear what the precise dimensions of the original house were, but the parties do not appear to dispute that it was smaller than 26' x 32'.[1]

As of November 24, 2008, Plaintiff's single-family home was nonconforming under the Town of Salisbury Zoning Regulations ("the Regulations")[2] because it violated the Town's setback requirements.  The Regulations prohibit non-conforming structures from being moved, extended, or enlarged without prior approval by the Town of Salisbury Development Review Board ("the DRB").  Regulations § 512(1), (4).  The ZA did not refer Plaintiff's zoning permit application to the DRB for review, however, but instead issued a zoning permit, Permit No. 08-62 ("the original permit"), authorizing replacement of the house.  (Plaintiff's Statement of Undisputed Material Facts, Ex. B, filed Jan. 11, 2012.)  Neither party appealed the original permit, and it is undisputed that the original permit became final on December 19, 2008.

After Plaintiff tore down the preexisting single-family dwelling and before he began construction of the new structure, in accordance with a condition of the original permit, he contacted the ZA.  The ZA visited with Plaintiff at the property and stated that because Plaintiff intended to build a replacement home that was larger than the original home, he must first apply to the DRB for approval.  Plaintiff ceased construction and complied with this directive.  The DRB granted Plaintiff's application for a zoning permit, but required that the new single-family home be constructed not to exceed 21' x 23', the dimensions the DRB believed Plaintiff's original house to be.  In re Application by

---

[1]  The Town contends that Plaintiff has at various times defined the original house as measuring 22' x 26', 24' x 32', and 27' x 23'.  (Town's Memorandum in Opposition to Motion for Summary Judgment 8, filed Feb. 14, 2012.)

[2]  The Regulations took effect on January 24, 2007.  The Town implemented a new version of the Regulations, the Town of Salisbury Unified Development Regulations, on May 29, 2009.  We refer to the 2007 version of the Regulations here because that version was in effect at the time Plaintiff's zoning application was filed.  Moreover, the 2009 version made no material changes to the pertinent provisions.

Jonathan Blake 2010-01, Decision, at 2-3 (Town of Salisbury Dev. Review Bd. Mar. 17, 2010). Because Plaintiff sought to build the new single-family home with dimensions of 26′ x 32′, Plaintiff appealed the DRB's decision to this Court. We assigned that appeal Docket No. 60-4-10 Vtec.

Plaintiff has now filed a declaratory judgment action with this Court[3] in which he seeks a judgment declaring that the original permit is valid and enforceable, and thus permits him to construct a new single-family home measuring 26′ x 32′. We have assigned this action Docket No. 153-10-11 Vtec. Now pending before this Court is Plaintiff's motion for summary judgment in Docket No. 153-10-11 Vtec, in which Plaintiff asks the Court to conclude that the original permit is valid and enforceable and thus grant final judgment in his favor.

We turn first to whether Plaintiff's declaratory judgment action is appropriately before this Court. Pursuant to Rule 3 of the Vermont Rules of Environmental Court Procedure, "any . . . original action concerning a subject matter within the jurisdiction of the Environmental Court in which the relief sought is not available under other provisions of these rules . . ." is within the original jurisdiction of the Environmental Division and "shall be commenced and conducted as [a] civil action . . . ." V.R.E.C.P. 3(10). Because declaratory judgment relief is not available under other provisions of the V.R.E.C.P., Rule 3(10) allows this Court to hear such actions as long as they concern a subject matter within the Court's jurisdiction.

In our review of de novo appeals, our jurisdiction is limited to addressing those issues that an appropriate municipal panel had the authority to address when considering the original application. See In re Torres, 154 Vt. 233, 235–36 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader . . . ."). Thus, because the DRB could have addressed Plaintiff's challenges regarding the finality of the original permit, this Court also has jurisdiction to consider such challenges. As such, pursuant to V.R.E.C.P. Rule 3(10), Plaintiff's declaratory judgment action is properly before this Court.

Having determined that Plaintiff's declaratory judgment action is properly before us, we turn now to Plaintiff's pending motion for summary judgment. A court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2012).[4] We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

Plaintiff argues that he is entitled to summary judgment because, by issuing the original permit, the ZA authorized him to construct a new house measuring 26′ x 32′. The Town contends that the original permit authorized only "replacement" of the original house, not an expansion in size of that house, and that Plaintiff misrepresented the size of the original house on his permit application.

---

[3] Plaintiff first filed his declaratory judgment action with the Civil Division of the Addison Superior Court. That Court ruled that Plaintiff's action was more properly prosecuted before this Court. See Blake v. Town of Salisbury, No. 162-8-11 Ancv, slip op. at 5 (Vt. Super. Ct. Civil Div. Oct. 14, 2011) (Toor, J.).

[4] We note that an updated version of V.R.C.P. 56 took effect on January 23, 2012. We analyze the pending motions under the previous version of the rule because that version was in effect at the time Plaintiff's motion for summary judgment was filed. At any rate, the change does not affect our analysis here.

Once a zoning permit becomes final, it can no longer be challenged, either directly or indirectly, even if the ZA lacked authority to issue it. See 24 V.S.A. § 4472(d); Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 143 (1989) ("It does not follow, however, that when a [municipal] board exceeds its power . . . its ruling may be challenged at any time in the future. To the contrary, § 4472 implements a policy of repose, even where the board's ruling is ultra vires."); Whitmore v. Phillips, No. 18-1-09 Vtec, slip op. at 4 (Vt. Envtl. Ct. Mar. 12, 2009) (Wright, J.). ("Regardless of whether . . . the Zoning Administrator had authority to issue [the permit], it cannot now be challenged, either directly or indirectly."). However, a municipality may petition this Court to revoke a land use permit after notice and a hearing, if this Court determines that the applicant "obtained the permit based on misrepresentation of material fact." 24 V.S.A. § 4455.

Because neither party appealed the ZA's issuance of the original permit, the parties do not dispute that it became final on December 19, 2008. Plaintiff argues that summary judgment should therefore be entered in his favor because the original permit approved the project as described in the application, and the application unambiguously described Plaintiff's intent to replace the original house with a new structure measuring 26' x 32'. Plaintiff contends that his reference to 26' x 32' in his permit application referred to the size of the proposed house, not the size of the existing house. In its motion in opposition, the Town argues that (1) the permit unambiguously limited reconstruction to "replacement of house," and thus the new house could not be constructed in a size greater than that of the original house, and (2) the reference to 26' x 32' in the zoning permit application referred to the size of the original house, not the size of the proposed structure, and thus, because the original house measured less than 26' x 32', Plaintiff materially misrepresented the size of the original house on his zoning permit application.

Thus, the parties have presented to the Court a very clear dispute as to material facts: what representations, if any, did Plaintiff make to the ZA concerning the size of the original house, and whether these representations were misrepresentations. Because the proper forum for resolving these factual disputes is a merits hearing, summary judgment is improper. Accordingly, we must **DENY** Plaintiff's motion for summary judgment.

This Court may, on its own motion, where the "project involves multiple proceedings that have resulted or may result in separate hearings or appeals in the Environmental Court . . . coordinate or combine proceedings and may make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay." V.R.E.C.P. 2(b). Accordingly, to promote judicial efficiency and avoid unnecessary delay, we will coordinate Docket Nos. 153-10-11 Vtec and 60-4-10 Vtec. Each Docket will retain its own Docket number, but the cases will be coordinated for the purposes of any necessary conferences and hearings, including a de novo merits hearing.

The parties should submit to the Court, in writing, by **Wednesday, August 8, 2012**, their unavailable dates in October and November, 2012 for a trial on the coordinated matters.

_____          ____July 25, 2012_____
        Thomas S. Durkin, Judge                              Date
=================================================================================
Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
    Ebenezer Punderson, Attorney for Plaintiff Jonathan Blake
    James F. Carroll, Attorney for Defendant Town of Salisbury